Myer **LYNSKY**

v.

**The UNITED STATES.**

No. 26–54.

United States Court of Claims.

Nov. 30, 1954.

**454**

Myer Lynsky, pro se.

Kathryn H. Baldwin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

This case is before the court on the defendant's motion for summary judgment. The plaintiff, a Government employee, seeks to recover back salary resulting from a reduction in rank and subsequent restoration to the former rank.

The facts are not in dispute. Plaintiff is a veteran preference eligible under the Veterans' Preference Act of June 27, 1944.[1]

Plaintiff was employed by the United States Tariff Commission as an economist in grade P–6. On December 29, 1947, the Tariff Commission gave plaintiff 30 days' written notice of the proposed action to demote him from grade P–6 to grade P–5. The basis for this reduction in rank and pay was the plaintiff's failure, in the opinion of the Commission, to perform his work in accordance with the requirements for a P–6 economist. The notice stated specifically and in detail the areas wherein plaintiff had failed to measure up to the P–6 standards. Plaintiff answered in writing objecting to the proposed action. On January 22, 1948, the Tariff Commission advised plaintiff of its final decision to reassign him as grade P–5, effective February 1, 1948. Plaintiff appealed this decision to the Civil Service Commission. The Chief Law Officer of the Civil Service Commission considered plaintiff's case and found no procedural defects in the action by the Tariff Commission but recommended to that Commission that plaintiff be restored to his former grade (P–6), *effective as of the date of his actual restoration,* stating that in his view the demotion of plaintiff had been effected without plaintiff having been afforded a complete opportunity to demonstrate whether he could produce work of a P–6 caliber. The Tariff Commission appealed this decision to the Civil Service Commission. The Tariff Commission was advised on June 24, 1948, that the Civil Service Commission affirmed the decision of

---

**1.** 58 Stat. 387, 390, as amended, 61 Stat. 723, 5 U.S.C.A. § 863.

the Chief Law Officer. In accordance with that decision, the Tariff Commission restored plaintiff to grade P-6, effective the date of actual restoration, i. e., June 27, 1948. In July 1948, plaintiff made an oral request to the Civil Service Commission that he be ordered restored to P-6 rank retroactive to the date of his demotion by the Tariff Commission on February 1, 1948. The Commission considered and denied this request.

In April 1949, the Civil Service Commission amended its regulations to provide that the Commission would reopen, at the request of the individual, cases in which restoration had been recommended on or after August 4, 1947, for the purpose of considering, in a proper case, the advisability of a supplemental recommendation that restoration be made retroactive. The amended regulation provided that such requests for reconsideration must be filed and received by the Civil Service Commission not later than July 1, 1949.[2] It was not until August 17, 1949, that plaintiff again requested the Civil Service Commission to make his restoration retroactive to February 1, 1948, the date of his reduction in grade. The Commission considered this application and refused to reopen his case on the stated ground that plaintiff's request for reopening had not been received by the Commission on or prior to July 1, 1949, as required by the amendment to the regulation.

Plaintiff is suing in this court to recover the amount which he would have received as salary had he not been reduced in rank.[3]

Plaintiff contends that he did not receive the notice to which he was entitled for the purpose of making his application for retroactive restoration in that he was not advised by the Civil Service Commission or the Tariff Commission of the existence of the regulation of April 23, 1949, which provided that applications for retroactive restoration would not be considered unless filed and received on or prior to July 1, 1949. He also urges that the Tariff Commission did not comply fully with the restoration order of the Civil Service Commission.

Plaintiff's contention that he did not receive the notice to which he was legally entitled must fall upon the mere statement of his contention. Plaintiff received such notice as he was entitled to receive. There was no regulation or established custom in the Tariff or the Civil Service Commissions which required either Commission to transmit information to the plaintiff concerning the amendments of Civil Service rules.[4] Publication of rulings and regulations in the Federal Register is notice to all of the world. The Federal Register statute[5] provides that:

" * * * unless otherwise specifically provided by statute, such fil-

---

2. The amendment to Civil Service Commission Rule 22 was published in the Federal Register on April 23, 1949 (14 F.R. 2005). It added an additional subsection to Rule 22.11(e). The amendment is as follows:

"(2) The Commission will reopen cases in which restoration has been recommended on or after August 4, 1947, at the request of the individual concerned, for the purpose of considering the advisability of a supplemental recommendation that the restoration be made retroactively as of the effective date of the discharge, suspension for more than 30 days, furlough without pay, or reduction in rank or compensation, as the case may be. Requests for the reopening of appeals under this subparagraph shall be submitted to that office of the Commission from which the last previous decision on the appeal was received by the appellant. Such requests must be received by the appropriate office of the Commission *not later than July 1, 1949.*" [Italics supplied.]

3. Salary at P-6 grade from February 1, 1948, to June 27, 1948, less the amount the plaintiff received as grade P-5 during this time.

4. This fact is established by affidavits filed in support of defendant's motion for summary judgment. No counteraffidavit disputing this fact was submitted by plaintiff.

5. Section 7, 49 Stat. 502, 44 U.S.C.A. § 307.

ing of any document, required or authorized to be published * * * shall * * * be sufficient to give notice of the contents of such document to any person subject thereto or affected thereby. * * * "

Just as everyone is charged with knowledge of statutes published in the United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents unless otherwise provided by statute. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384, 385, 68 S.Ct. 1, 92 L.Ed. 10. Plaintiff has pointed to no applicable statutory exception to this rule.

■ Plaintiff's second contention that the Tariff Commission did not fully comply with the restoration order is without merit. The order of the Civil Service Commission dated June 24, 1948, stated that the decision of its Chief Law Officer had been affirmed. Apparently it is plaintiff's position that he should have been restored on April 16, the date of the decision of the Chief Law Officer. The Civil Service Regulations do not require restoration pending a timely appeal. Under the regulations both parties had the right to appeal the decision of the Chief Law Officer to the Commission.[6] The Tariff Commission appealed. The plaintiff did not. Upon affirmance of the decision of the Chief Law Officer, the Tariff Commission promptly restored the plaintiff. There was, therefore, full compliance with the final decision and order of the Civil Service Commission.

■ Plaintiff alleges that in July 1948, he orally appealed the nonretroactive order. This request was denied. The Civil Service Regulations[7] allow the Commissioners to consider a further appeal when such action appears warranted by the circumstances. In our opinion the decision of whether or not, in view of all the facts and circumstances, a further appeal will or should be considered is within the sound discretion of the Civil Service Commission. The regulation does not command it. And we will not review the action of the Commission in this regard.

■ There is no genuine issue as to any material fact, and on the facts alleged and shown by the record the defendant is entitled to judgment as a matter of law. The defendant's motion for summary judgment is, therefore, granted and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

6. 5 C.F.R.1947 Supp., 22.11(a).

7. 5 C.F.R.1947 Supp., 22.11(e).