Oco A. ROBERTS
v.
The UNITED STATES.
Nos. 52, 54.

United States Court of Claims.
March 1, 1955.

H. A. Stephens, Jr., Atlanta, Ga., for plaintiff. Robert B. McCord, Jr., Hapeville, Ga., and Herbert A. Ringel, Atlanta, Ga., were on the briefs.

Kathryn H. Baldwin, Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and LARAMORE, Judges.

LITTLETON, Judge.

This case is before the court on plaintiff's motion to strike a defense interposed by defendant and also on defendant's motion for summary judgment. Plaintiff, a veteran, instituted this suit to recover back pay alleged to be due him because of the failure of the General Services Administration to reemploy him in conformity with an order of restoration issued August 21, 1953, by the Civil Service Commission pursuant to section 14 of the Veterans' Preference Act, 58 Stat. 390, as amended, 61 Stat. 723, 5 U.S.C.A. § 863. The facts are not in dispute.

On March 28, 1952, plaintiff was separated for cause from his position as Purchasing Agent with the above-mentioned agency. Under section 14 of the Veterans' Preference Act, supra, he took an appeal from the decision of dismissal to the Civil Service Commission which, on August 21, 1953, reversed the agency's action and recommended that plaintiff be restored to his position retroactively to the date of discharge. Such a recommendation, if a final one, is mandatory on the agency as a result of the 1947 amendment of section 14, 61 Stat. 723.

On August 31, 1953, the personnel officer of the Atlanta, Georgia office of the General Services Administration, where plaintiff had been employed, notified plaintiff's counsel by telephone that the agency was reviewing the Commission's decision with the intention of requesting a rehearing and a reconsideration. This conversation was confirmed by a letter to plaintiff's counsel on September 2, 1953, and a telegram to plaintiff of the same date. Until the completion of this review and possible appeal, plaintiff and his counsel were told that the agency did not contemplate reemploying the plaintiff. Plaintiff notified the Commission on September 3, 1953, of the agency's failure to comply with the restoration order. On September 4, 1953, the Commission by telegram advised plaintiff's counsel that the agency was seeking a reconsideration by the Commission and that compliance with the Commission's decision of August 21, was deferred pending further consideration. This telegram was confirmed by a letter of September 8, 1953, to plaintiff's counsel. On September 14, 1953, the Commission received a letter from the Administrator of the General Services Administration requesting a reopening of the appeal.

Plaintiff filed his petition in this court on February 3, 1954. On March 26, 1954, the Civil Service Commission notified plaintiff that the Commission had decided to reopen the appeal and plaintiff was informed that if he so desired he could file briefs. Plaintiff did so, taking the identical position that he does here, namely, that the Commission could not legally reopen and reconsider the appeal. On May 21, 1954, the Commission, upon further consideration denied plaintiff's contentions, vacated its prior decision of August 21, 1953, and affirmed the agency's dismissal action.

In its answer to plaintiff's petition herein defendant set forth as a defense this subsequent decision of the Commission withdrawing the restoration order. Plaintiff moved to strike this defense. The defendant in addition to answering this motion to strike moved for summary judgment in its favor.

In our opinion defendant's motion for judgment must be sustained.

The Civil Service Commission Regulation, 5 C.F.R. 22.11(e) (1949 Ed., 1954 Cum.Supp.), reads in part as follows:

> "*Reopened appeals.* (1) The Commissioners may in their discretion, when in the judgment such action appears warranted by the circumstances, reopen an appeal at the request of the appellant, or his designated representative, or the employing agency concerned and may grant both parties an opportunity for a personal appearance. In connection with such reopened appeals, both parties will be afforded an opportunity to submit briefs or written representations."

■ It is this regulation that is applicable, not section 22.11(a)[1] as alleged by plaintiff, and under it the Commission was clearly entitled to entertain, if made within a reasonable time, a request from either party to reopen an appeal. Lynsky v. United States, Ct. Cl., 126 F.Supp. 453. We find the request here to have been timely made. The restoration order was received by the agency on August 26, and on September 4, nine days later, plaintiff, in answer to his own inquiry, was informed by the Commission that the agency was appealing the decision. Such notice presupposes that the agency notified the Commission of the appeal by September 4.

■ Nor can plaintiff void the result of this further appeal on the grounds that he did not receive notice of the September 14 request by the head of the agency for a reopening of the appeal. Plaintiff had ample notice prior to that date, first from the agency that an appeal was likely and again from the Commission that such an appeal had been filed.

■ We hold, therefore, that the agency's request for reconsideration was timely made, that the Commission under the above regulation was fully authorized to entertain such request and that its subsequent final decision withdrawing the restoration order served to eliminate plaintiff's grounds for recovery in this court. Plaintiff's motion to strike is denied. Defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

It is so ordered.

JONES, C. J., and LARAMORE, MADDEN, and WHITAKER, JJ., concur.

---

1. This section deals with appeals to the Commission from decisions by the Chief Law Officer or regional director.