Opinion

per curiam:

This case was referred by the court, pursuant to Rule 45 (c), to the Honorable C. Murray Bernhardt, a commissioner of the court, with directions to make findings of fact and recommendations for conclusions of law. The commissioner has done so in a report filed July 12, 1956. When more than 15 days elapsed after the filing of this report and neither party gave notice in writing of an intention to except to the commissioner’s findings or recommendations, the defendant filed a motion for judgment in accordance with the recommendations of the commissioner. Since the court agrees with the recommendations and findings of the com *169 missioner, as hereinafter set forth, it hereby adopts the same as the basis of its judgment in this case, and plaintiff’s petition will be dismissed.
It is so ordered.
OPINION OP THE COMMISSIONER
Plaintiff, an honorably discharged veteran of World War II, was employed by the Surplus Property Administration (later superseded successively by the War Assets Corporation and the War Assets Administration) from December 21, 1945, to June 30, 1949, when the last-named agency was dissolved by operation of law and its remaining functions transferred to General Services Administration together with a skeleton cadre of officials. Plaintiff sues here to recover the difference between what he would have received had his salary level in effect at the time of his allegedly illegal termination continued to date, and what he has received in subsequent employment, less certain deductions.
Plaintiff’s appointment of July 28, 1946, and his several promotions thereafter, were made pursuant to section 5 (b) of the Surplus Property Act of 1944 (58 Stat. 768; 50 U. S. C. War App. 1614, 1946 ed.), which provided:
The Board may, within the limits of funds which may be made available, appoint and fix the compensation of such officers and employees, and may make such expenditures for supplies, facilities, and services, as may be necessary to carry out its functions. Without regard to the provisions of the civil-service laws and the Classification Act of 1923, as amended, the Board may appoint such special assistants and may employ such certified public accountants, qualified cost accountants, industrial engineers, appraisers, and other experts and fix their compensation, and may contract with such certified public accounting firms and qualified firms of engineers as may be necessary to carry out its functions.
Each of his promotion documents bore the information “Serving excepted appointment under Public Law 457, Section 5 (b).” At the time of his discharge on June 30,1949, he had served as Deputy Director, Office of the Administrator, Compliance and Enforcement Division, since the preceding year, and was receiving an annual salary of $10,305.
*170 It was common knowledge that the War Assets Administration was “selling itself out of business.” Public Law 862 of the 80th Congress (62 Stat. 1196), fixed February 28,1949, as the deadline for liquidation of the agency. The date was postponed to June 80,1949, by Public Law 7 of the 81st Congress (63 Stat. 6). During the last year of its existence, as its stock of merchandise dwindled, the dying agency conducted an extensive reduction-in-force program to adjust its personnel to shrinking requirements and eventual extinction. Plaintiff actively participated in the administration of this program in his own division until, as the deadline approached, his own services were no longer required and he became a casualty. The circumstances of his termination give rise to this claim.
While at home on sick leave from June 1 to 13,1949, plaintiff received the written notification of termination set forth in finding 7. The letter, although dated June 1 and addressed to plaintiff’s office, was mailed to plaintiff’s home on June 6 and received by him there the following day. It notified him that his assignment would be completed and his appointment with the War Assets Administration would terminate as of June 30, that he could appeal under the Veterans Preference Act of 1944 (5 U. S. C. 851, et seq.) to the Civil Service Commission within SO days, and that he had been serving in an excepted position rather than under civil service laws and regulations, so was not entitled to their protective features.
Plaintiff thereafter received a Notification of Personnel Action dated and effective Juné 30, 1949, accomplishing his termination in accordance with his previous notification. The form advised that the nature of action was “Termination of excepted appointment”, although under “Remarks” he was informed that the termination was “Due to reduction in force.” No protest was made by plaintiff to the termination action until his letter of May 29, 1950, to the Civil Service Commission complaining that he was deprived of a 30-day notice as required by law. This appeal was denied by the Commission and the plaintiff filed suit here.
The petition claims a violation of the Veterans Preference Act of 1944, and plaintiff’s brief narrows this down to sec *171 tion 12 of that Act (5 U. S. C. 861). Defendant says that the Veterans Preference Act does not apply, that the plaintiff’s termination came about by operation of law instead of “for cause” or as a formal reduction-in-force procedure, that plaintiff forfeited his cause of action by failing to exhaust his administrative remedies, and that the petition is barred by laches.
Passing the question as to whether plaintiff’s acceptance of an excepted position precludes him from the protection of the Veterans Preference Act, because this does not have to be decided, the insuperable obstacle to plaintiff’s recovery is that he failed to exhaust his administrative remedy under section 12 of that Act even assuming that he enjoyed its protection. The regulations promulgated by the Civil Service Commission for the administration of section 12, concerned with reduction-in-force programs (5 C. F. R. 2013), require that an appeal be filed with the Commission within 10 days of the receipt of notice of termination, although the Commission may extend this time limit “upon a showing by the employee that circumstances beyond his control prevented him from filing his appeal within the prescribed 10 days.” Plaintiff’s failure to file his appeal until May 1950, almost one year after the receipt of his notice on June 7,1949, would effectively bar his recovery here under the doctrine announced by this court in Martilla v. United States, 118 C. Cls. 177, and more recently in Heffernan v. United States, 133 C. Cls. 839.
In extenuation, plaintiff contends that the notice he received was so defective and ambiguous that he should be excused from not filing a timely appeal. It is true that the letter notice and the official “Notification of Personnel Action” accomplishing the termination were inartistic, but not fatally so. Section 12 of the Veterans Preference Act is silent as to notice requirements, but the regulations of the Commission (5 C. F. K. 20.10) require that the notice be given in writing at least 30 days prior to the effective date of the termination, and that it inform the employee as to (1) the nature and effective date of the action, (2) the office where the employee may consult the regulations and retention register, (3) the employee’s right to appeal within 10 *172 days from the receipt of the notice, (4) the procedure for exercising restoration or reemployment rights and the office where he might apply, and (5) his right to apply in 90 days for placement in the Federal service elsewhere. The notice received by plaintiff was principally weak in that it did not clearly state the nature of the action (i. e., whether reduction-in-force, discharge for cause, or other), erroneously informed plaintiff that he had 30 days to appeal to the Commission instead of the 10 days provided by the regulation, and failed to advise him that he had 90 days in which to apply for placement elsewhere in the Federal service. These defects were not substantial and should not have misled plaintiff into delinquency. Having been an important official in the agency, and in fact participating in the personnel-curtailment activity in the division of which he was Deputy Director, he was well aware of the nature of all job terminations in the division during the period of its liquidation. In fact, the official “Notification of Personnel Action” specified that the termination of his excepted appointment was “due to rer duction in force”. Had plaintiff appealed to the Commission within the 30 days erroneously given by the letter notice, but after the 10 days prescribed by the appropriate regulation, undoubtedly the Commission would have exercised its discretion to entertain his appeal. The fact that the notice was received by plaintiff on June 7, 7 days after it was prepared and 23 days prior to its effective date, does not of itself make it a nullity. Plaintiff could have urged this circumstance to the Commission had he filed a timely appeal. Having not done so, he has lost his right to do it here.
From the plaintiff’s 11 months’ silence it can be construed that his first confusion over the nature of his discharge originated simultaneously with his belated and opportunistic discovery that the irregularities of his notice might provide a windfall, although up until then he was content that the termination of his job was entirely logical, proper, and anticipated.
It is not necessary to ascertain whether plaintiff’s contentions would receive different treatment under section 14 of the Veterans Preference Act if it were to apply, for plaintiff has not urged it and the circumstances of his appointment *173 and discharge would appear not to conform to the discharges for cause which are the subject of that section. Nor is it necessary, in view of the disposition on other grounds, to consider the government’s additional defenses.
FINDINGS OF FACT
1. Plaintiff, a resident of the District of Columbia and eligible for benefits under the Veterans Preference Act of 1944 as an honorably discharged veteran of World War II, was employed by the Surplus Property Administration (later retitled and superseded successively as and by the War Assets Corporation and the War Assets Administration) from December 21,1945, to June 30,1949.
2. On July 28,1946, pursuant to Public Law 457 (Surplus Property Act of 1944, 58 Stat. 765, 50 U. S. C. War App. 1611, eb seq.), plaintiff received a “Promotion and conversion to excepted appointment” as a Special Agent in the Compliance and Enforcement Division of the War Assets Administration, the personnel form accomplishing the change containing the language “Appointments to positions are made for such period of time as your services are required and satisfactory, and funds are available.”
3. On the effective date of October 17, 1948, plaintiff was promoted to Deputy Director, Office of the Administrator, Compliance and Enforcement Division, War Assets Administration, at an annual salary of $10,305, which position and salary he held and received until the termination of his services effective June 30,1949. The forms of personnel actions accomplishing a series of plaintiff’s promotions, including the latest one, contained the language “Serving excepted appointment under Public Law 457, Section 5 (b).”
4. Section 5 (b) of Public Law 457, supra, under which plaintiff held his positions from July 28, 1946, provided:
The Board may, within the limits of funds which may be made available, appoint and fix the compensation of such officers and employees, and may make such expenditures for supplies, facilities, and services, as may be necessary to carry out its functions. Without regard to the provisions of the civil-service laws and the Classification Act of 1923, as amended, the Board may appoint such special assistants and may employ such certified *174 public accountants, qualified cost accountants, industrial engineers, appraisers, and other experts and fix their compensation, and may contract with such certified public accounting firms and qualified firms of engineers as may be necessary to carry out its functions. [58 Stat. 768, 50 U. S. C. War App. 1614 (b).]
5. From June 1948 to June 30, 1949, the date of its final liquidation, the War Assets Administration conducted an extensive reduction-in-force program in order to accomplish its complete liquidation by the latter date pursuant to the requirements of Public Law 862, 80th Congress (62 Stat. 1196), as amended by Public Law 7, 81st Congress (63 Stat. 6).
6. By section 105 of Public Law 152, 81st Congress (act of June 30, 1949, 63 Stat. 377), the remaining functions of the War Assets Administration were transferred to the General Services Administration, and the General Services Administrator was authorized to transfer to his agency such personnel holding excepted appointments in the abolished agency pursuant to Public Law 457, supra, as he might determine.
7. On June 1, 1949, the Director of the Compliance Enforcement Division of War Assets Administration requested the Director of Personnel to abolish the position of Deputy Director, held by plaintiff, as soon as possible in connection with the reduction-in-force program. The following letter of the same date was directed to plaintiff by the Director of Personnel:
Since it has been determined that your assignment will be completed, your appointment with the War Assets Administration must be terminated. Your last day of active duty will be June 30, 1949, the effective date of your separation. You will be paid in a lump sum for any annual leave due you.
If you have any questions, consult a member of the Placement and Employee Delations Section, Doom 2313, Tempo I. If you are a veteran and believe your rights under the Veterans Preference Act of 1944 have been violated, you may appeal to the Civil Service Commission within 30 days from the date of this notice. Consult the Placement and Employee Delations Section if you desire information on such appeals.
*175 You have served in a position established under Section 5 (b) of the Surplus Property Act rather than in accordance with Civil Service laws and regulations. Your participation in an organization, the avowed, intention of which is to “sell itself out of business,” in a position which does not carry the usual protection afforded by appointment under normal Civil Service regulations, is greatly appreciated. You may take pride in your efforts to further the Surplus Property Disposal Program.
8. Plaintiff was at his home on sick leave from June 1 to June 13, 1949, and did not actually receive the foregoing notification of termination, originally addressed to his office, until June 7, 1949, when it was received at his home in an envelope postmarked June 6,1949.
9. Plaintiff thereafter received in a letter dated July 18 a Notification of Personnel Action dated and effective June 30, 1949, which, under the heading “Nature of action” stated “Termination of excepted appointment”, and under the heading “Remarks” stated “Due to reduction in force. Lump sum payment will be made for any annual leave due you. Notice to employee on June 1, 1949.” He subsequently received pay for his accrued annual leave in a lump sum.
10. The first and only action taken by plaintiff to appeal to the Civil Service Commission the termination of his employment was his letter of May 29, 1950, to the Commission, in which he stated that he had been denied the 30 days’ notice of the reduction-in-force action contrary to the Veterans Preference Act. In its reply of June 12, 1950, rejecting plaintiff’s appeal, the Commission stated :
Your notice of reduction in force should have advised you of your right to appeal to the Civil Service Commission within ten days from receipt of the notice. The Commission can not entertain an appeal from you at this late date.
Plaintiff thereafter took no further action until filing his petition in the Court of Claims.
11. Plaintiff offered no evidence as to whether his efficiency ratings were good or better during his subject employment, or whether those employees who were transferred to General Services Administration from War Assets Administra *176 tion at the expiration of the latter agency had more or less Veterans Preference Act retention credits than plaintiff.
12. Subsequent to June 30, 1949, plaintiff has been employed steadily in various capacities with the Federal Government at annual salary rates of $5,232 from September 20, 1949, until October 29, 1949, $5,400 from October 30, 1949, until July 8,1950, $5,600 from July 9,1950, until October 15, 1950, $7,400 from October 16, 1950, until March 3, 1951, $8,600 from March 4, 1951, until July 7, 1951, $9,360 from July 8, 1951, until August 30, 1952, and an effective salary of $10,600 per year from August 31, 1952, until March 6, 1953. The record does not disclose his earnings since then.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover and the petition is dismissed.