Anthony M. CRIMALDI, Plaintiff-Appellee,

v.

UNITED STATES of America, United States Civil Service Commission and The Chief Executive Officer of the Postal Corporation, Defendants-Appellants.

No. 997, Docket 80–6119.

United States Court of Appeals, Second Circuit.

Argued April 8, 1981.

Decided June 15, 1981.

Richard N. Papper, New York City (John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, Peter C. Salerno, Asst. U. S. Atty., Stephen E. Alpern, Lawrence A. Dinerstein, U. S. Postal Service, Washington, D. C., of counsel), for defendants-appellants.

Bruce Provda, New York City, of counsel, for plaintiff-appellee.

Before FEINBERG, Chief Judge, and LUMBARD and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Defendants appeal from a summary judgment of the United States District Court for the Southern District of New York awarding plaintiff, a discharged postal employee, $17,408.19 in back pay. The court found that, although plaintiff's discharge was justified, he was entitled to back pay because the Civil Service Commission delayed in giving him a hearing. Because we do not believe that the delay, for which plaintiff was responsible in part, entitled him to back pay, we reverse.

Plaintiff was a window clerk at the Postal Service's Canal Street Station in New York City. After being confronted by postal inspectors, he confessed in 1974 that he had sold several hundred dollars' worth of postage stamps (later proved to be stolen) for an acquaintance. Plaintiff would receive money from a parcel post customer and then, after the customer had left, substitute the stolen stamps for those he was supposed to be selling. When he turned over the proceeds to his friend, the friend paid him "for [his] trouble."

Plaintiff was charged with possession of stolen stamps and defrauding the Postal Service of revenue. He denied knowing that the stamps were stolen or that it was improper for him to sell them on the job. The Postal Service found that the charges were supported by a preponderance of the evidence and discharged plaintiff, effective November 19, 1974.

On November 25, 1974, plaintiff appealed his discharge to the Civil Service Commission and requested a hearing. By letter dated December 20, 1974, a copy of which was sent to plaintiff's attorney, the Commission informed plaintiff of his right to a hearing. The Commission requested plaintiff to advise it "within seven days of your receipt of this letter, of any further written representations you may wish to make; whether you wish a personal hearing; or whether you wish to have your appeal adjudicated upon the record already established." The letter concluded that plaintiff's "failure to respond within the seven day time limit will result in a decision based upon the existing record." Neither plaintiff nor his attorney responded. Accordingly, on February 20, 1975, the Commission found that plaintiff had waived his right to a hearing, and decided the case on the written record. It found that the Postal Service had complied with all the procedural requirements of an adverse employment action and that the charges against plaintiff were supported by substantial evidence.

In June 1975, plaintiff brought suit in the United States District Court for the Southern District of New York seeking review of his discharge. The parties terminated the litigation by stipulating that the complaint would be dismissed without prejudice and that the Commission would afford plaintiff a hearing. *Crimaldi v. United States*, 75 Civ. 3849 (S.D.N.Y. Nov. 10, 1975).

A hearing was conducted, and the Commission held on April 5, 1976 that there was insufficient evidence to sustain the charge that plaintiff had knowingly possessed stolen stamps. However, the Commission affirmed plaintiff's discharge on the ground that he had defrauded the Postal Service of revenue. On May 3, 1976, plaintiff brought the present action, seeking review of the Commission's decision and requesting reinstatement with back pay.

In an opinion filed January 31, 1978, the district court held that plaintiff's dismissal was supported by substantial evidence. The court also held, however, that plaintiff's procedural rights were violated because he was not informed of his entitlement under Postal Service regulations to a hearing and an appeal within the Postal Service and because the Civil Service Commission had failed to honor his November 1974 request for a Commission hearing. The court concluded that, because of these procedural defects, plaintiff was entitled to back pay from the date of his discharge until April 5, 1976, the date of the Commission's decision.

Defendants moved for reargument, asserting that the Postal Service regulations upon which the district court relied did not apply to employees who, like plaintiff, were subject to the grievance and arbitration provisions of a collective bargaining agreement. In a memorandum decision dated March 24, 1978, the court denied the motion, reasoning that, even if the regulations were inapplicable, plaintiff was entitled to back pay under the Back Pay Act of 1966, 5 U.S.C. § 5596.

■ Under the Back Pay Act, Government employees who "have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of [their] pay, allowances, or differentials" are entitled to recover for their net loss of benefits. We agree with the district court that "unwarranted personnel action" may result from errors of procedure, not simply those of substance, but we do not agree that this has occurred in the instant case.

It is well established that, where there has been a serious procedural defect in the prescribed events leading to the discharge of a Government employee, the employee may be entitled to the continued benefits of his employment until it has been terminated in proper fashion. *Ryder v. United*

*States*, 585 F.2d 482, 487–88 (Ct.Cl.1978); *Shaposka v. United States*, 563 F.2d 1013, 1018 (Ct.Cl.1977). However, not every procedural defect, no matter how trivial or harmless, will nullify what otherwise would have been a valid discharge. "It is not every deviation from specified procedure, no matter how technical or regardless of its basic nature, that automatically serves to invalidate a discharge." *Greenway v. United States*, 163 Ct.Cl. 72, 80 (1963). *See Queen v. United States*, 137 Ct.Cl. 167, 172 (1956); *DeBusk v. United States*, 132 Ct.Cl. 790, 796 (1955), *cert. denied*, 350 U.S. 988, 76 S.Ct. 474, 100 L.Ed. 854 (1956); *Ciaffone v. United States*, 126 Ct.Cl. 532, 538–39 (1953). Where the defect in no way prejudiced the plaintiff, it may be treated as harmless error. *Gratehouse v. United States*, 512 F.2d 1104, 1110–11 (Ct.Cl.1975); *Haynes v. United States*, 418 F.2d 1380, 1383–84 (Ct. Cl.1969); *Cohen v. United States*, 369 F.2d 976, 987–88 (Ct.Cl.1966), *cert. denied*, 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1967). To the extent, if any, that there was procedural error in the instant case, we find that it was harmless.

■ It is undisputed that plaintiff had the hearing which he demanded in his November 1974 letter, a hearing which the district court found was "adequate to provide the process which was due." Plaintiff was not denied his constitutional right to due process by the fact that this hearing took place after his actual dismissal. *Arnett v. Kennedy*, 416 U.S. 134, 157, 94 S.Ct. 1633, 1645, 40 L.Ed.2d 15 (1974). Moreover, he has failed to demonstrate that any prejudice resulted from the Commission's failure in the first instance to comply with his hearing request. Indeed, if plaintiff had responded to the Commission's December 20, 1974 letter, in which he was asked to indicate whether he wanted a hearing or chose to have the determination of his appeal based on the record, *see* 5 C.F.R. § 1201.24(c) (1980), there is no reason to believe that the hearing would not have been had.

Neither plaintiff nor his counsel responded to the Commission's letter, nor did either of them attempt to bring the prior request for a hearing to the Commission's attention until suit was filed—almost six months after the Commission's letter and four months after it had rendered a decision on the merits. Plaintiff never requested reconsideration of the Commission's initial determination that he had waived his right to a hearing. *See* 5 C.F.R. § 1201.114 (1980). The Commission agreed to grant the hearing soon after it was made aware of its failure to honor plaintiff's initial request. In the absence of any showing of prejudice resulting from the delay, a delay which was contributed to in part by plaintiff's own conduct, his discharge, which was for good cause, did not become an unjustified or unwarranted personnel action. *See Cohen v. United States, supra*, 369 F.2d at 988.

The judgment appealed from is reversed, and the matter is remanded to the district court with directions to dismiss the complaint.