### BLACKMON v. UNITED STATES.
### No. 115–52.

United States Court of Claims.

May 4, 1954.

Claude L. Dawson, Washington, D. C., for plaintiff.

Kathryn H. Baldwin, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

PER CURIAM.

The plaintiff's suit is for loss of salary caused by his alleged wrongful dismissal from his position in the Government's Civil Aeronautics Administration. The Government has moved for a summary judgment on the ground that there is no genuine issue as to any material fact, and that, as a matter of law, it is entitled to judgment.

The plaintiff is a veteran of World War II and is entitled to the rights granted such veterans in Section 14 of the Veterans' Preference Act of 1944, 58 Stat. 390, 5 U.S.C.A. § 863. He was, after the war, employed as a Property Specialist CAF 12, Department of Commerce, Civil Aeronautics Administration. On December 2, 1948, he was given a 30-day notice of his proposed discharge to promote the efficiency of the service. The notice specified some seventeen instances of misconduct, most of which consisted of acts of insubordination. The plaintiff on December 14, 1948, replied at length to the charges.

In the meantime, a medical examination to determine the plaintiff's "fitness for duty" was had, at the request of the Civil Aeronautics Administration and,

on the basis of the medical report, that Administration filed with the Civil Service Commission an application for the plaintiff's retirement. The plaintiff contested his proposed retirement and the Civil Service Commission rejected the agency's application.

The December 2, 1948, notice of proposed dismissal had not been withdrawn, but had been held in abeyance during the proceedings relating to retirement. On February 17, 1949, the plaintiff was notified that he would be removed effective March 7, 1949, and was advised of his right to appeal to the Civil Service Commission. On February 21 he did so appeal, pursuant to Section 14 of the Veterans' Preference Act. The Commission had an investigation made, and hearings were held in the Office of the Chief Law Officer of the Commission. Eight full days of hearings were held and the plaintiff was represented by counsel and presented such oral testimony and affidavits as he desired. The Civil Aeronautics Administration, also represented by counsel, presented witnesses. The right of cross-examination was freely exercised on both sides.

The theory stressed by the plaintiff at the hearing was that a number of supervisory officials in his agency had entered into a conspiracy to eliminate him from the agency, and that his discharge was not to promote the efficiency of the service, but to satisfy their feelings of ill-will toward him.

On October 20, 1949, the Acting Chief Law Officer filed a 24-page report treating in detail the evidence and concluding that the procedural requirements of the statute and the regulations had been complied with; that most of the charges which had been served upon the plaintiff were proved; and that the plaintiff's dismissal was for such cause as would promote the efficiency of the service; and that the Civil Aeronautics Administration's action in the matter had not been arbitrary, unreasonable or capricious.

The plaintiff appealed to the Civil Service Commission's Board of Appeals and Review. That Board heard the case de novo, the plaintiff presenting for oral testimony the persons whose affidavits he had presented in the hearing before the Acting Chief Law Officer. The agency presented some of its former witnesses. The Board considered both the evidence taken in the former hearing and the evidence presented before it. The Board prepared an analysis of the evidence and a recommendation that the decision of the Acting Chief Law Officer be affirmed, and transmitted this analysis and recommendation to the Civil Service Commission. The plaintiff requested and was granted a hearing before the Civil Service Commission. On October 12, 1950, the Commissioners decided that the evidence justified the action of the agency and that the plaintiff's dismissal was for such cause as would promote the efficiency of the service.

The plaintiff commenced an action in the United States District Court for the District of Columbia against the officials of the Civil Aeronautics Administration and the members of the Civil Service Commission, asking for a declaratory judgment that he had been illegally dismissed, and ordering his restoration to his position. That court granted a summary judgment dismissing his complaint. He appealed to the United States Court of Appeals. That court decided that the plaintiff's procedural rights had been accorded him. Blackmon v. Lee, Deputy Administrator, D.C.Cir., 205 F.2d 13. It did not purport to review the merits of his dismissal, except to the limited extent stated in its earlier decision in Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871, and held that that limited review showed no reason for disturbing the departmental decision.

We agree with the numerous tribunals that have already passed upon the question, that the plaintiff's procedural rights have been accorded him. As to the merits of a Government employee's dismissal, we do not review them, unless trary action by the Government depart-

there is a showing of malicious or arbiment which dismissed the employee. See Gadsden v. United States, 78 F.Supp. 126, 111 Ct.Cl. 487; Levy v. United States, 118 Ct.Cl. 106. Even if such action by the dismissing department is alleged, when the statute, here Section 14 of the Veterans' Preference Act, provides for an appeal to the Civil Service Commission where all questions involved in the dismissal may be reviewed, we will not review the decision of the Commission except to the limited extent necessary to determine whether its decision is supported by substantial evidence, considered in the light of the entire record. See Bayly v. United States, 99 Ct.Cl. 598.

The plaintiff has not, of course, alleged malicious or arbitrary action by the Civil Service Commission. No such allegation could be made, in the face of the Commission's record, the examination of which shows the most patient and considerate hearing and study of the evidence presented by both parties to this unfortunate controversy.

The defendant's motion for summary judgment is granted, and the plaintiff's petition will be dismissed.

It is so ordered.