The SHEAF STEAM SHIPPING COMPANY, Ltd.,

v.

UNITED STATES.

No. 531–57.

United States Court of Claims.
May 7, 1958.

Wilbur E. Dow, Jr., New York City, for plaintiff. William J. Troy, New York City, was on the brief.

Justin S. Colin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

The Government has filed a motion to dismiss the plaintiff's petition on the ground that it appears on the face of the petition that the plaintiff has failed to state a claim upon which relief can be granted.

The plaintiff's suit is for the refund of $1,184.07 which it paid to the United States on account of certain "desirable features" present on a ship which the plaintiff bought from the Government. The sale and delivery of the ship took place in 1947. The United States Maritime Commission was the agency of the Government which was entrusted with the task of selling surplus Government ships under the Merchant Ship Sales Act of 1946, 60 Stat. 41, as amended, 62 Stat. 1199, 50 U.S.C.A.Appendix, § 1735 et seq., 46 U.S.C.A. § 864a. An introduction to some of the "desirable features" problems which arose under the statute may be found in A. H. Bull Steamship Co. v. United States, 108 F. Supp. 95, 123 Ct.Cl. 520.

The contract of sale between the Government and the plaintiff stated that the purchase price of the ship was $544,506.00; that this was the "floor price" of the ship, according to the statute; and that if, upon a survey of the ship, it should be determined that the ship lacked or contained desirable features as defined in the statute, the price should be decreased or increased, as appropriate. In addition to the contract of sale, a bill of sale dated the same day, April 22, 1947, was delivered by the Government to the plaintiff. The plaintiff took possession of the ship; the $544,506.00 was paid.

More than four years thereafter, in October 1951, the United States Maritime Administration, which had succeeded to the functions of the Maritime Commission, sent the plaintiff a bill charging it $2,200 for a 50-ton boom, the bill saying that usual boom on such ships was a 15-ton boom, and charging $2,235.03 for living quarters in the poop deck house. The bill gave the plaintiff credit in the amount of $3,250.96 for the absence of a gyro compass and associated equipment, which left a net amount of $1,184.07 charged against the plaintiff.

The bill was sent the plaintiff on October 2, 1951. On October 22, the plaintiff acknowledged receipt of the bill and said "After a lapse of over 4 years, we consider your demand unreasonable." The rest of the letter seems to show that the delay, and the intervening devaluation of the British pound from $4.80 to $2.80 was what made the demand unreasonable. The letter did not deny the contractual obligation to pay for desirable features, nor deny that the heavy boom and the poop deck living quarters were desirable features. The Maritime Administration on November 16 answered the plaintiff's letter and explained the delay. The plaintiff on November 20 thanked the Administration for that letter and paid the $1,184.07. No protest of the charge except as noted above was made until May 24, 1955.

The plaintiff, in the sixth paragraph of its petition, says that the Government, "notwithstanding due demand made upon it and in breach of its obligations under the contract" has refused to refund the $1,184.07 to the plaintiff. A copy of the contract is attached to the petition as an exhibit. The plaintiff apparently expected the court to examine the contract and find in it some provision, which, in connection with the other facts recited above, would entitle it to recover its $1,184.07.

We do not understand that the plaintiff raises the question of the order in which the various items entering into the computation of the selling price of its ship should be considered. Since the plaintiff is a British corporation, the formula applied to a citizen purchaser in the Bull case, supra, is not applicable to it. Esso Nederland v. United States, Ct.Cl., 151 F.Supp. 285; Westfal-Larsen & Co., A/S v. United States, Ct.Cl., 161 F.Supp. 614.

In its reply brief the plaintiff says that upon a trial it will undertake to prove that the items for which it was charged as desirable features were de-

fense items which could not be charged for. Most of the extra features placed on ships built for the Government in war time had to do with defense, as did the extra heavy boom and the poop deck housing here in question. Extra features such as guns and armor would not be desirable for merchant fleet operation and could not be called desirable features. Others, advantageous in fact for merchant fleet operation, but not present on the standard ship, would be desirable features within the meaning of the statute. The fact that the Government put them on the ship to improve its wartime effectiveness is irrelevant to the question of their peace time desirability.

The plaintiff mentions in its brief, though not in its petition, the Maritime Commission's bill of sale to it. We consider it as if it had been attached to the petition. In oral argument, much was made of the fact that the bill of sale made no mention of the desirable features provision of the contract of sale. There is nothing in the argument. The bill of sale is the title document, necessary for the purchaser in order to register the ship or to sell or mortgage it. What the purchaser paid for it, and whether he paid cash or promised to pay later, and whether he made other promises such as to pay for desirable features, are matters irrelevant to the title unless the vendor reserves a lien to secure the performance of such promises. There was no intention to re-reserve a lien to secure payments for the desirable features when they should later be determined, and their mention in the bill of sale would have been improper and confusing.

The Government urges that the plaintiff may not recover because of the doctrine of voluntary payment. We do not find it necessary to decide that question.

The defendant's motion is granted and the petition is dismissed.

It is so ordered.