Littleton, Judge,
delivered the opinion of the court:
. The plaintiff, a veteran preference eligible, sues for the amount by which his pay was reduced when, on August 21, 1950, he was demoted from the rank of leadingman machinist to that of machinist.
For some time prior to June 6,1950, the plaintiff had been employed as a leadingman machinist in the Norfolk Naval Shipyard at Portsmouth, Virginia. On Juné 6 he received a 80-day notice of the proposed demotion. The notice, a document of three pages, detailed the plaintiff’s asserted urn-satisfactory performance of his duties as a supervisor óf repair work on naval vessels. One of the charges concerned *805 the U. S. S. Pecatonica, which had been overhauled in the Norfolk yard. The charge said that when, after the overhaul, the ship was returned to the yard because of excessive vibration, the investigation of the cause of such vibration disclosed that, although certain defective work which directly caused the vibration had not been done under the plaintiff’s supervision, other work which the plaintiff had supervised was discovered to be defective. This work was on the coupling and the stern tube stuffing box flange.
The plaintiff replied in detail to the charges and requested a hearing. A two-day hearing was held by the executives of the Yard, and a transcript of 103 pages was compiled. The plaintiff was represented by counsel, the Yard’s witnesses were cross-examined and the plaintiff presented 13 witnesses on his behalf.
The hearing officer reported to the Yard that, on the basis of the evidence, the plaintiff’s demotion was warranted. The plaintiff was demoted; effective August 21, 1950, and was notified of his right to appeal to the Civil Service Commission. He did appeal to the Commission’s Fourth Regional Office, as he had a right to do under section 14 of the Veterans’ Preference Act of 1944, as amended, 5 U. S. C. 863. That office made an investigation and held a hearing on January 31, 1951. The plaintiff participated in person and by counsel. The hearing officer filed a report in which he concluded that the plaintiff’s demotion was for such cause as would promote the efficiency of the service.
The plaintiff appealed to the Civil Service Commission which referred the matter to its Board of Appeals and Review. The Board held a hearing, in which the plaintiff participated in person and by counsel. The Board affirmed the decision of the Commission’s Fourth Regional Office. Tw.o later requests of the plaintiff for further hearings before the Civil Service Commission were denied.
■ No procedural defect is claimed by the plaintiff. His claim is that his demotion was not “for such cause as will promote the efficiency of the service”, but was an arbitrary and malicious..act of his superiors. A naked allegation of arbitrary and malicious action is not sufficient to induce us to conduct a trial of Government personnel action. The *806 only allegation in the plaintiff’s petition tending to specify wherein the alleged action was arbitrary and malicious, is the statement in paragraph 2 of the plaintiff’s amended petition that he was falsely charged with responsibility for the defective repair work which caused the ship to vibrate, although the Yard officials knew that he was not the supervisor of that work. The record made before the Civil Service Commission’s Board of Appeals and Review shows that the statement of charges expressly absolved the plaintiff from responsibility for the defective work which caused the ship to vibrate. It said that the investigation of the causes of the vibration led to the discovery of other bad workmanship for which the plaintiff did bear responsibility.
On the basis of the record there was nothing arbitrary in the action of the employing agency in demoting plaintiff or in the affirmance of such action by the Civil Service Commission.
The defendant’s motion for summary judgment is granted and the plaintiff’s petition is dismissed.
It is so ordered.
Laeamobe, Judge; MaddeN, Judge; Whitakee, Judge; and JoNes, Chief Judge, concur.