Whitakee, Judge,
delivered the opinion of the court:
Plaintiff on September 28, 1951, was an employee in the Bureau of Internal Revenue of the United States, with civil service status. On that date certain charges were preferred against him and he was removed from office. After having pursued his administrative remedy, he filed an action in the United States District Court for the District of Columbia seeking restoration to his position. The United States District Court held adversely to him, but on appeal to the Court of Appeals for the District of Columbia the District Court was reversed and the case was remanded to it for further proceedings. Subsequently, on August 25,1954, the District Court ordered plaintiff restored to duty in the same grade which he held on December 6, 1951. He was restored on October 5, 1954, but almost immediately thereafter charges were preferred against him and he was again discharged. After having again exhausted his administrative remedy, he filed another action in the United States District Court for the District of Columbia, but the District Court decided adversely to him. No appeal was taken from this decision.
Plaintiff now brings this action alleging that the action of the Bureau of Internal Revenue “was arbitrary, capricious, and clearly contrary to any evidence contained in his file,” presumably referring to his personnel file in the Bureau of Internal Revenue relating to his discharge. He did not make this allegation in his suit in the District Court.
The case is before us on defendants motion for summary judgment. Supporting the motion, defendant filed transcripts of testimony taken in the Bureau of Internal Revenue, and a number of affidavits and other exhibits.
*417 Plaintiff supports his allegation of arbitrary and capricious action only by the allegation that the charges were “known to be false by the officials of the Bureau of Internal Revenue, or could have been so ascertained to be false by the slightest investigation by the said officials of the Bureau of Internal Revenue.” While we have held that a “naked allegation of arbitrary and malicious action is not sufficient to induce us to conduct a trial of Government personnel action” (Crump v. United States, 148 Ct. Cl. 804), nevertheless, we have examined the exhibits in support of defendant’s motion, and plaintiff’s affidavits in opposition, and we have concluded that the action of the Bureau of Internal Revenue was supported by substantial evidence, and that the charge of arbitrary and capricious action is not sustained. These exhibits leave no doubt that plaintiff accepted money for preparing income tax returns for several different people, which is contrary to both the statutes and the regulation. See 26 U.S.C. § 4047(e), 53 Stat. 496; 18 U.S.C. §§ 202, 281, 62 Stat. 691, 697; also see Bureau of Internal Revenue “Instructions to Employees”, dated January 1947, sections 28 and 45.) They also leave no doubt in our minds that plaintiff undertook to assist in the filing, as of the due date thereof, of a number of returns which were filed belatedly, thereby depriving the Government of the penalties and interest to which it was entitled on account of the late filing of the returns.
Giving full effect to plaintiff’s affidavits, we are of the opinion that plaintiff cannot support his allegation that the decision of the Bureau of Internal Revenue was not supported by substantial evidence and was arbitrary and capricious. This court, therefore, is without jurisdiction to review the case on the merits.
Defendant’s motion for summary judgment is granted. Plaintiff’s petition will, therefore, be dismissed.
It is so ordered.
LittletoN, Judge (Bet.); Laramore, Judge; Mappen-, Judge, and Jones, Chief Judge, concur,