ColliNS, Judge,
delivered the opinion of the court:
Prior to his separation in February 1962, plaintiff was employed as an economist by the Department of Agriculture. The present suit is based upon plaintiff’s contention that his removal was rendered invalid by certain actions of the Civil Service Commission. Both plaintiff and defendant have moved for summary judgment.
The grounds for separating plaintiff were insubordination and conduct “prejudicial to the best interests of the service.” Under section 14 of the Veterans’ Preference Act of 1944,[1] plaintiff was entitled to appeal to the Civil Service Commission, and he did so on February 20,1962. The Appeals Examining Office of the Civil Service Commission scheduled *248 a bearing for March 22,1962. However, on March 19, plaintiff sent the Appeals Examining Office a letter confirming a prior telephone conversation in which plaintiff had requested that his appeal “be dropped.” Plaintiff’s letter concluded, “This action is taken as a result of an offer of new employment in that Department [i.e., Agriculture].”
With regard to the circumstances that preceded the withdrawal of plaintiff’s appeal, the parties are not in complete agreement. The essential facts can be summarized as follows : In February 1962, subsequent to his removal, plaintiff sought the assistance of Dr. Lee K. Buchanan, an employee of the Office of Personnel, Department of Agriculture. Dr. Buchanan became interested in plaintiff’s case from a medical standpoint. After conferring with the Director of Personnel, the doctor informed plaintiff that, when he was sufficiently recovered from his emotional illness, every effort would be made to locate a position for him in the Department of Agriculture.
In March 1962, plaintiff requested the advice of Dr. Buchanan regarding continuation of the appeal to the Civil Service Commission. Dr. Buchanan advised plaintiff to seek the counsel of his attorney. The doctor added that plaintiff could accept in good faith the fact that the Department would make every effort to find a new job for him.[2]
These conversations and dealings with Dr. Buchanan were the basis for plaintiff’s statement that he was dropping his appeal “as a result of an offer of new employment in * * * [the Department of Agriculture].” After learning from plaintiff’s telephone call that plaintiff intended to withdraw his appeal, the Civil Service appeals examiner, Michael E. *249 Sedmak, called the Department of Agriculture’s Office of Personnel to advise that the hearing (scheduled for March 22, 1962) would probably not take place. Mr. Sedmak spoke to Clyde W. Fisk who stated that, to the best of his knowledge, no promise of reemployment had been made to Mr. Keeling.
On March 21,1962, the Appeals Examining Office received the letter of plaintiff confirming his desire to withdraw the appeal. That office acknowledged plaintiff’s letter and advised him that it had closed the case in accord with his written request.
The next set of events related to efforts to obtain a new position for plaintiff in the Department of Agriculture. In May 1962, Dr. Buchanan prepared a memorandum expressing his belief that plaintiff was in good health. By June 1962, the Department of Agriculture was considering giving to plaintiff a temporary position in the Economic Research Service. The Civil Service Commission indicated that it had no objection to the rehiring of plaintiff. However, the efforts to place plaintiff did not come to fruition. In October 1962, the Director of Personnel informed plaintiff that the Department no longer wished to consider him for employment. Plaintiff was told, though, that the Department would endorse his efforts to have his appeal reinstated.
On October 24, 1962, plaintiff requested that the Appeals Examining Office reopen his appeal. After receiving an adverse decision, plaintiff sought review by the Civil Service Commission’s Board of Appeals and Review. On April 16, 1963, that Board informed plaintiff that it upheld the refusal to reopen his appeal. The decision of the Board was based upon section 22.305 of the Civil Service regulations[3] which provided in part: “A closed appeal will not be reopened except in the discretion of the Commission upon a showing that circumstances beyond the control of the appellant prevented him from prosecuting the appeal.” (Emphasis supplied.) The Board of Appeals and Review determined that plaintiff had failed to show that the circumstances regarding his appeal came within the terms of the regulation.
*250 According to plaintiff, the refusal of the Civil Service Commission to reopen his appeal was improper and constituted a violation of his rights under the Veterans’ Preference Act.[4] Plaintiff asserts that, as a result of this refusal, his separation was invalidated and, therefore, he is entitled to recover back salary. Among the cases cited by plaintiff is Chisholm v. United States, 149 Ct. Cl. 8 (1960).
. At the outset, it must be noted that a fundamental distinction exists, between Ohisholm and the present case. Ohisholm did not involve the matter of the reopening of an appeal. The basis for recovery in Ohisholm was the fact that the Civil Service Commission had, in the first instance, denied to the plaintiff a hearing on the merits of the charge against him. With regard to Mr. Keeling, however, there, was no dispute as to his right to a hearing before the Civil Service Commission. Such a hearing would have occurred had it not been for plaintiff’s decision to discontinue his appeal. ■. After withdrawing his appeal, plaintiff had no absolute right to reinstatement of it; rather, his ability to have the appeal reopened was dependent upon the applicable Civil Service regulation.[5] Therefore, the issue in the present case is whether the Civil Service Commission’s re-; fusal to reopen the appeal constituted an abuse of discretion.[6]-
The Civil Service Commission determined that plaintiff’s failure to prosecute his appeal was not the result of circumstances beyond his control. In our opinion, the decision reached by the Civil Service Commission was a. permissible and reasonable exercise of its discretion. '
We cannot accept the assertion of plaintiff that, by reason - of the actions of the Government, he was deprived of the opportunity to make an intelligent choice regarding con--tinuation of his appeal.[7] It can be assumed that plaintiff *251 actually believed that Dr. Buchanan had given him an offered employment (as opposed to an offer of aid in locating a. new job). Still, there is no contention that plaintiff was. told that, in order to qualify for a new position with Agriculture, he must drop the appeal. The most that can be said, in support of plaintiff’s assertion is that, because of his misconception regarding Dr. Buchanan’s offer, plaintiff decided that it would be best for him to withdraw the appeal. Dr., Buchanan made a good faith effort to assist plaintiff. If' plaintiff misunderstood the statements of the doctor, it is regrettable; but this cannot be deemed a circumstance beyond plaintiff’s control.
Also, this court has pointed out, in a different context,, that the legal rights of a discharged employee are not affected, by his efforts to obtain reemployment with the agency. Bailey v. United States, 144 Ct. Cl. 720, 722, 171 F. Supp. 281 (1959). As defendant indicates, different consequences, flow from (1) a successful appeal and (2) the obtaining of a new job. Only the former can result in entitlement to pay retroactive to the date of removal. Also, the taking-of a new position would not erase from the employee’s record the fact of dismissal. Each of these factors lends support to the conclusion arrived at by the Civil Service-Commission.
Moreover, even though plaintiff’s letter confirming his. desire to drop the appeal referred to “an offer of new employment * * plaintiff did not make his withdrawal conditional upon the securing of a new position. In McDougall v. United States, this court stated, “Had plaintiff wanted his case held in abeyance until after * * * [the appeal in a similar case] had been decided, he should have first secured the consent thereto of the Civil Service Commission.” 138 Ct. Cl. 90, 93, 149 F. Supp. 651 (1957). MeDowgdlU involved not the voluntary withdrawal of an appeal, but unwarranted delay in prosecuting an appeal which had been filed with the Civil Service Commission. Still, the quoted statement is relevant to the present case; plaintiff could have • requested the suspension, instead of the dropping, of his-, case.
Finally, consideration must be given to the assertion of.” *252 plaintiff that, because the Government failed to advise plaintiff that he had not been promised reemployment, defendant should be estopped from denying that plaintiff was offered a new job. It is correct that neither the Civil Service Commission nor the Department of Agriculture told plaintiff that he was mistaken in believing he had been given “an offer of new employment * * Defendant contends that there was no obligation to inform plaintiff of his error. Defendant points out, for example, that Mr. Fisk of the Department of Agriculture concluded that plaintiff’s explanation of the withdrawal of his appeal was a mere effort to “save face.”
This court is of the opinion that, prior to the closing of plaintiff’s appeal, the Government should have given plaintiff notice of his error. Furthermore, the Civil Service Commission could have reopened plaintiff’s case, and, in our opinion, that would have been a preferable course, since the the Commission was familiar with the circumstances concerning plaintiff’s withdrawal of the appeal. Nonetheless, in view of the factors indicated above, this court cannot say that the Commission abused its discretion. The manner in which the Civil Service Commission interpreted its regulation was not so improper that this court would be warranted in substituting its judgment for the discretion of the Commission. The action of the Commission was neither arbitrary nor capricious. In matters of this type, the court must defer to the judgment of the administrative body. Lynsky v. United States, 130 Ct. Cl. 149, 153, 126 F. Supp. 453 (1954). Cf. Powers v. United States, 169 Ct. Cl. 626, 630-31 (1965). It follows that plaintiff’s motion for summary judgment must be denied.
We turn next to the motion of defendant. One assertion made by the Government is that the present action is barred because of plaintiff’s failure to exhaust his administrative remedies. The general rule in this regard was stated in Adler v. United States, 134 Ct. Cl. 200, 203, 146 F. Supp. 956, cert. denied, 352 U.S. 894 (1956), and is as follows:
* * * notwithstanding the fact that the appeal is not mandatory, we think that an employee must appeal to the Civil Service Commission for an adjustment of his *253 grievances before resorting to the courts, except in im-usual circumstances. * * * (Emphasis supplied.)
In the opinion of this court, the present case comes within the exception to the ordinary requirement of exhaustion.[8] That is, even though the refusal to reinstate the appeal does not afford the basis for granting plaintiff’s motion, the circumstances were such that we cannot look with favor upon the assertion by defendant of the defense of non-exhaustion.
We are, however, of the opinion that defendant’s motion for summary judgment must be granted. Except for the rejection of his request to have the appeal reopened, plaintiff does not assert any procedural error on the part of the Government. Thus, review by the court is limited to determining whether the separation of plaintiff was arbitrary or capricious or rendered in bad faith. E.g., Brownell v. United States, 164 Ct. Cl. 406, 409 (1964); Blackmon v. United States, 128 Ct. Cl. 288, 291, 120 F. Supp. 774 (1954).
With regard to the case at bar, we deem unnecessary discussion of the specific charges made against plaintiff. It is sufficient to state our conclusion that the record supports the action of the Department of Agriculture in removing plaintiff. There was no arbitrariness or bad faith. Under these circumstances, summary judgment for defendant is proper. Cf. Mulligan v. United States, 149 Ct. Cl. 415, 417 (1960).
Accordingly, defendant’s motion for summary judgment is granted. Plaintiff’s like motion is denied. The petition is dismissed.

 58 stat 300, as amended, 5 U.S.C. § 863 (1964 ed.).

 Plaintiff attached to Ms opposition to defendant’s cross-motion, an affidavit in which he stateB that Dr. Buchanan advised him “to drop the appeal because the Department of Agriculture was ready to give me [plaintiff] a job." Plaintiff’s assertion is not in accord with the affidavit of Dr. Buchanan. However, as part of his appeal to the Board of Appeals and Review, plaintiff included a statement of facts basically consistent with the doctor’s affidavit. For example, plaintiff stated, “Through Dr. Buchanan’s efforts Mr. Carl Barnes, Director of Personnel * * * agreed to assist appellant [plaintiff] in efforts to secure a new position in the Department of Agriculture.” Although plaintiff’s brief suggested that Agriculture personnel had misled him, there was no assertion that Dr. Buchanan had advised him to drop the appeal. Since plaintiff did not malee such an assertion in his appeal to the Civil Service Commission, he is precluded from doing so in this court. Long v. United States, 148 Ct. Cl. 4, 9 (1960); Dixon v. United States, 122 Ct. Cl. 332, 336 (1,952).

 20 Fed. Reg. 2699 (1955). The current provision, essentially the same as former § 22.305, Is 5 C.F.R. § 772.302 (1964).

 58 Stat. 390, as amended, 5 U.S.C. § 863 (1964 ed.).

 See § 19 of the Veterans’ Preference Act of 1944, 58 Stat. 391, as amended, 5 U.S.C. § 868 (1964 ed.).

 The fact that plaintiff's right to a hearing -was not .denied distinguishes the instant case from Ohisholm, supra, and also from the recent case, Garrott v. United States, 169 Ct. Cl. 186, 340 F. 2d 615 (1965).

 In support of his view that being deprived of a chance to make an intelligent choice constitutes a “circumstance beyond ones control,” plaintiff cites Martin v. United States, 238 F. 2d 245, 248 (7th Cir. 1956), and Klish V. United States, 308 F. 2d 371, 373 (5th Cir. 1962). Bach of these cases deals' with the waiver of premiums on a policy (or policies) insuring the life of a veteran. For reasons explained above, the principle of these cases is of no' avail to plaintiff.

 For an example of other circumstances -which excused the necessity of an (effective) appeal to the Civil Service Commission, see Mallow v. United States, 161 Ct. Cl. 207, 212 (1963).