Qtsusws, Judge,

delivered the opinion of the court:
Plaintiff, a non-veteran, is a former employee of the Department of the Navy. Effective September 27, 1958, he was removed from his position with the Navy. The present suit, which is based upon plaintiff’s contention that his separation was unlawful, is for the recovery of back salary. Plaintiff has moved for summary judgment, and defendant has filed a cross-motion for summary judgment.
The facts can be summarized as follows: Plaintiff’s employment by the Department of the Navy began in July 1945 and, except for a 5-month period during 1950, continued until his removal in 1958. For approximately 7 years prior to his dismissal, plaintiff had worked as an electronics mechanic at Norfolk Naval Air Station.
On February 10,1958, plaintiff was transferred from one of the miscellaneous overhaul shops of the Electronics Laboratory to a test equipment shop. His new assignment involved the overhauling, repairing, and calibrating of complex electronic devices and test equipment. Soon after his transfer, plaintiff was informed by his supervisors that his work was not up to standards. On February 28,1958, he received written notice that his performance was unsatisfactory with respect to (1) quality and quantity of work and (2) adaptability. It was suggested that plaintiff make an intensive study of electronics theory.[1] Plaintiff was told that he would receive a performance rating of “unsatisfactory” unless sufficient improvement were shown.
On May 29, 1958, plaintiff’s supervisors determined that he had failed, during the preceding 90-day period, to demon *81 strate adequate improvement. Accordingly, plaintiff was given a rating of “unsatisfactory.” On June 11,1958, plaintiff filed an appeal with the Performance Eating Board of the Naval Air Station. He was granted a hearing before the Performance Eating Board, hut, on July 18,1958, the Board decided that plaintiff had failed to prove the incorrectness of the rating and that, therefore, the rating should be sustained. Plaintiff appealed next to the Performance Eating Board of Eeview which, on September 5, 1958, affirmed the rating of “unsatisfactory.”
On August 15, 1958, plaintiff had received notice that his separation was proposed. The basis for the proposed removal was inefficiency and it was to take effect on August 80, 1958. Plaintiff was informed of his right to answer personally and in writing, but he did neither. On September 22, 1958, final notification of separation was issued to plaintiff. The effective date had been changed from August 30 to September 27, 1958, in order to provide sufficient time for processing the final notice and a related form. A detailed explanation of plaintiff’s rights of appeal was contained in the final notification.[2]
On September 27, 1958, plaintiff submitted an appeal to the director of the Third Oivil Service Eegion. Plaintiff’s sole contention was that, although the pertinent Navy regulation required 5 days’ notice of a final decision, plaintiff *82 bad received only 4 days’ notice.[3] Plaintiff’s appeal was .denied. On. January 15, 1959, tbe director of tbe Third Region wrote plaintiff that all applicable Civil Service regulations bad been observed and that tbe alleged violation of a Navy regulation was outside tbe jurisdiction of tbe Civil Service Commission. Plaintiff appealed next to tbe Civil Service Commission Board of Appeals, and Review. On February 26,1959, tbe Board of Appeals and Review affirmed tbe decision of the Third Region. Plaintiff commenced tbe present suit on March 4,1960.
According to plaintiff, bis separation was procedurally defective because of violation of tbe Navy regulation regarding notice of final decision.[4] Secondly, be asserts that removal was overly severe punishment which did not “promote the efficiency of tbe service.”[5] We are unable to accept either of plaintiff’s contentions.
With respect to tbe matter of notice, defendant makes three alternative arguments, tbe first of which is that plaintiff did receive tbe required notice. Defendant emphasizes tbe fact that the agency construed tbe regulation in a manner contrary to plaintiff’s interpretation.[6] That is, tbe commanding officer of tbe Naval Air Station took tbe position that tbe 5-day period should include tbe date of delivery of *83 the notice of final decision.[7] We need not decide whether the view of the commanding officer is correct, for, even if the notice plaintiff received were insufficient by 1 day, it would not follow that his separation was invalidated.
A highly relevant decision, which defendant cites, is Greenway v. United States, 163 Ct. Cl. 72 (1963). Plaintiff Green-way, like the present plaintiff, asserted that the Government had failed to comply with the applicable regulation regarding notice of final decision. With respect to Greenway’s claim, Commissioner Saul It. Gamer, whose opinion was adopted per cwriam, stated:
Under the regulation, it would appear that, in view of the service of the final notice on December 11, 1959, the effective date should have been postponed one day to December 12. However, it seems plain that such a defect would not serve to invalidate the discharge. It affected- in no way the basic rights afforded to plaintiff of receiving an advance notice of sufficient duration, of having an opportunity to reply, and of receiving a notice of final decision. * * *
163 Ct. Cl. at 79. .The same considerations are pertinent to the claim of plaintiff Perkitney. At most, he would be entitled to an appropriate postponement of the effective date of his separation.
The general principle underlying our decision in Greenway v. United States was expressed as follows: “It is not every deviation from specified procedure, no matter how technical or regardless of its basic nature, that automatically serves to invalidate a discharge.” 163 Ct. Cl. at 80. This rule provides the basis for distinguishing between Greermay and the present case on the one hand and on the other Stringer v, United States, 117 Ct. Cl. 30, 90 F. Supp. 375 (1950). In the latter case, this court did hold that the action taken against plaintiff Stringer (reduction in grade) was ineffective, but this decision was based upon the fact that the Government had violated fundamental procedural rights created *84 by the Veterans’ Preference Act.[8] With, respect to plaintiff Perkitney, it cannot be said that the allegedly defective notice of final decision was of such importance that the necessary result is invalidation of his removal.
The third-reason asserted by defendant, in support of its argument that plaintiff’s claim regarding notice must be denied, is failure to exhaust administrative remedies. According to. defendant, plaintiff should have appealed to the Secretary of the Navy after the Civil Service agencies had .disclaimed jurisdiction to review infractions of Navy regulations. We are in agreement with defendant’s position.
Contrary to the contention of plaintiff, it was proper for the Third Civil Service Region and the Board of Appeals and Review to refuse to consider violations of non-Civil Service regulations. This policy of the Civil Service Commission was altered in September 1959 (subsequent to the period in question). However, in Spector v. United States, 165 Ct. Cl. 33, 40 (1964), cert. denied, 379 U.S. 966 (1965), this court stated that the pre-September 1959 policy was a valid exercise of the discretion of the Civil Service Commission.[9]
Furthermore, defendant correctly asserts that appeal to the Secretary of the Navy was an available administrative remedy. Plaintiff argues that, because an appeal was taken to the Civil Service Commission, he had no right to appeal “procedural matters” to the Secretary of the Navy.[10] Plaintiff’s view overlooks the fact that not all “procedural matters” could be appealed to the Civil Service Commission. As in *85 dicated in the notice of bis separation (see footnote 2, supra) and as made clear by tbe decisions of the Third Region and the Board of Appeals and Review, only violations of Civil Service procedural regulations would be reviewed by the Commission. Therefore, with respect to the matter of notice, plaintiff’s ineffectual appeal to the Commission did not foreclose the possibility of review by the Secretary of the Navy. We consider his failure to pursue this remedy to be an additional ground for rejecting his claim of procedural error. Cf. Krennrich v. United States, 169 Ct. Cl. 6, 8-9, 340 F. 2d 653, cert. denied, 382 U.S. 870 (1965).
The other major contention of plaintiff is that, in view of his long record of satisfactory service, removal was too severe[11] and that he should have been returned to his former position or demoted. Plaintiff relies, in part, upon Naval Civilian Personnel Instruction 210.8-2 (July '20, 1955 ed.) which provides that it is desirable to reassign an employee who is in a job beyond his capacity, but that “if reassignment is not practicable he may be separated.” According to plaintiff, his removal was carried out in violation of this policy. We are unwilling to discuss the merits of plaintiff’s contention, for it is clear that he did not pursue his administrative remedy. Cf. Alpert v. United States, 161 Ct. Cl. 810, 816 (1963). This question goes of course to the substantive (as opposed to the procedural) aspect of plaintiff’s removal. Plaintiff, a non-veteran, had no right to obtain review by the Civil Service Commission of matters of this type.[12] Determining whether or not reassignment was practicable was a responsibility of the employing agency. Therefore, if plaintiff wished to contest the nature of the sanction applied to him, he should have - appealed to the Secretary of the Navy. This obligation was not excused by the fact that plaintiff had opposed the rating of “unsatisfactory.” *86 Since plaintiff did not seek, within the Department of the Navy, a definitive ruling as to the propriety of separation, we decline to consider his argument. Under these circumstances, it is not necessary to discuss the unwillingness of this court “to substitute its judgment for that of the agency relative to the penalty imposed on an employee.” Cook v. United States, 164 Ct. Cl. 488, 444 (1964).
In conclusion, we have rejected both of plaintiff’s primary contentions. It follows that plaintiff’s motion for summary judgment must be denied. On the other hand, for the reasons stated above, defendant correctly asserts that plaintiff is not entitled to recover. Accordingly, defendant’s motion for summary judgment is granted, and the petition is dismissed.

 The notice provided, in part, as follows:
“5. Von are advised of your right to appeal this adverse action to the Office of the Secretary of the Navy * * *. Such an appeal must be made within ten days after the effective date of separation action. In the event you desire to appeal this action to the Secretary of the Navy, you are advised that your appeal must set forth the specific reasons, facts, and circumstances which make you believe that the action taken against you was unjustified and unwarranted. Vou should further call attention to any procedural deficiency that you may have noted. Vou are further advised of your right to appeal this action to the Director, Third U.S. Civil Service Region * * * within ten (10) days after the effective date. An appeal can only be made to the Civil Service Commission on the grounds that the procedure prescribed by the Commission under Part 9.102(2) (1) of the Federal Personnel Manual was not followed or that the adverse action was taken for political reasons, except as may be required by law, or resulted from discrimination because of marital status or physical handicap.
“6. In the event you elect to appeal to the Civil Service Commission under the foregoing conditions, your appeal rights to the Secretary of the Navy may not be exercised by you until after a decision is made by the Civil Service Commission and such an appeal must be filed within ten days after receipt of the Commission’s decision.”

 Naval Civilian Personnel Instruction 45.6-36(6) (Sept. 23, 1954 ed.), states in part:
“* * * After all evidence relating to the charges has been considered, the employee shall be provided with a written decision. * * * The notice of final decision shall be delivered to the employee at least 5 calendar days prior to the effective date of the adverse action.”
Plaintiff argued that September 22d, the day he received his final notice, should not be included in the 5-day period and that, therefore, he had only 4 days’ prior notice of his removal (which was effective September 27, 1958).

 This regulation is set forth in footnote 3, supra.

 Plaintiff refers to the statutory provision that “No person in the classified civU service of the united States shall be removed * * * therefrom except for such cause as will promote the efficiency of such service * * Act of August 24, 1912, 37 Stat. 555, as amended, 5 U.S.C. § 652(a) (1964).

 In support of the assertion that the agency’s interpretation of its regulation should prevail over plaintiff’s view, defendant cites Colbath v. United States, 169 Ct. Cl. 414, 419, 341 F. 2d 626 (1965). Oolbath V. United States involved a regulation of the Civil Service Commission which dealt with the transfer of functions between organizational entities. This court did state that the Commission was in the best position to interpret its regulations. Of course, the general principle which defendant urges is subject to limitations.

 Naval Civilian Personnel Instruction 45.5-36(1) (6) (Sept. 23, 1954 ed.) which deals with a&oanoe notice to veteran preference employees of certain adverse actions! expressly provides that, in computing the 30-day notice period, the day of delivery is not to be included. However, as defendant stresses, no such provision (requiring exclusion of the day of delivery) was contained in the regulation pertaining to the 5 days’ notice of final decision.

 In Stringer v. United States, supra, the plaintiff was entitled to the benefits of § 14 of the Veterans’ Preference Act of 1944, 58 Stat. 390, as amended, 5 U.S.C. § 863 (1964). The Government had failed to give plaintiff Stringer the 30 days’ advance notice required by § 14, had failed to give separate notices of proposed and final adverse action, and had denied him the right to make a personal appearance as part of his appeal to the Civil Service Commission.

 In Watson v. United States, 142 Ct. Cl. 749, 162 F. Supp. 755 (1958), this court held that, because of violation of War Department and Civil Service regulations, the discharge of the plaintiff was invalid. However, our decision in Spector v. United States, supra, indicates that Watson v. United States does not require us to reject the pre-September 1959 practice of the Civil Service Commission.

 Plaintiff’s argument is based upon Naval Civilian Personnel Instruction 210 (Aug. 18, 1958 ed.), § 3-la(10) of which provides that the “right to appeal procedure used to the Secretary of the Navy * * * is not available to an employee who is entitled to appeal procedures used to the Civil Service Commission if he has appealed to the Commission.”

 See footnote 5, supra.

 In his appeal to the Civil Service Commission Board of Appeals and Review, plaintiff did state that his performance did not warrant separation. The Board informed plaintiff that it had no authority to consider the merits of his case.
It should be noted that, in his earlier appeal to the Third Civil Service Region, plaintiff stated: “I understand clearly that since I am a non veteran the Commission cannot rule on the issues or reasons for this adverse action * *