This is an appeal from a decision of the Merit Systems Protection Board (mspb or board), entered May 26,1981, No. DC07528010120, affirming an earlier decision of the board entered September 30, 1980, which dismissed petitioner’s appeal on the grounds that it was not timely and good cause had not been shown for waiving the time limits for appeal.
On March 23, 1979, petitioner was given notice of her proposed removal from her civilian secretarial position by the Department of the Air Force (af) on the grounds of unauthorized absenteeism and past disciplinary actions. On April 20, 1979, petitioner filed a complaint against the Air Force alleging racial and sexual discrimination. Petitioner was removed from her position on May 18, 1979. Petitioner filed a complaint with the mspb on June 1, 1979, which was dismissed without prejudice pending a final af decision or the expiration of 120 days. On December 28, 1979, the af issued a final opinion denying the petitioner’s claim of discrimination. Notice of the decision was sent to petitioner with a copy to her counsel, who admits he received it on January 4, 1980. Petitioner’s counsel put the decision in a "closed file.” In response to an inquiry by the af on February 26, 1980, counsel notified the af on March 5, 1980, that he no longer represented the petitioner and was unaware of her whereabouts. Attempts by the af to deliver *936 notice of the decision directly to the petitioner proved fruitless.
Petitioner finally obtained a copy of the decision from her attorney on May 27, 1980. On June 6, 1980, petitioner appealed to the mspb. On September 30, 1980, the presiding official dismissed petitioner’s complaint on the grounds noted above. On October 31, 1980, the petitioner submitted a petition for review to the mspb. On May 26, 1981, the board denied the petition on the grounds that a waiver of the time limit for appeal was not appropriate in this case.
The time limit for filing an appeal based upon a complaint of discrimination is contained in 5 C.F.R. §1201.154(a), which states that an appeal must be filed (1) within 20 days of receipt of the agency decision, or (2) when the agency has not resolved the matter or issued a final decision within a 120-day period, within a year of the filing of the complaint with the agency. Petitioner filed her appeal on June 6,1980-DÍ2., more than 20 days after receipt of the decision by her attorney of record (January 4, 1980) and more than 1 year from the filing of her complaint with the af (April 20,1979).
In his September 30, 1980 decision, the presiding official found that the agency had made "reasonable and diligent efforts to effect delivery of the decision.” Furthermore, the presiding official ruled that petitioner’s failure to receive notice of the agency’s determination was the result of her own actions-i.e., an extended absence from the area, and failure to remain in contact with either her attorney or the agency. The presiding official found petitioner’s allegation of a nervous condition unconvincing as an excuse for her inaction in this regard. The presiding official held that because of these circumstances the petitioner had "constructive notice” of the agency’s decision. Alternately, the presiding official held that the 1-year limitation of 5 C.F.R. §1201.154(a)(2) would bar the appeal regardless of the determination on petitioner’s receipt of the decision.
In its May 26, 1981 decision, the mspb considered the issue of whether the time limit for filing an appeal should be waived for good cause, the criteria for which is set out by the board in Alonzo v. Department of the Air Force, mspb Order No. DA075208013 (November 24, 1980). The board *937 concluded that petitioner failed to act as a reasonably prudent person-therefore, no waiver of the time limit should be applied in this case.
Petitioner argues, pro se, that we should reverse the mspb’s decision and remand the case to the board for a trial on the merits. In order for us to make such a decision on the particular facts of this case and petitioner’s allegations on appeal, there must be a showing that the mspb’s decision represented an abuse of discretion. 5 U.S.C. §7703(c)(l) (Supp. II1978). See also McKechnie v. United States, 227 Ct. Cl. 113, 648 F.2d 1300 (1981); Keeling v. United States, 172 Ct. Cl. 246, 250 (1965). The authority of the board to waive any regulation is contained in 5 C.F.R. §1201.12, which clearly makes this power discretionary.
We do not feel that the refusal of the board to grant a waiver constituted an abuse of discretion. The board had ample evidence to support its position that the petitioner did not pursue her right to appeal with due diligence. The petitioner places great emphasis upon her attorney’s[1] failure to inform her promptly of the af’s decision. This court has previously ruled that it is the petitioner’s obligation to insure that an appeal is filed, so detrimental reliance on one’s attorney is not an adequate excuse for late filing. See Hayes v. United States, 225 Ct. Cl. 599 (1980).
A more difficult question would be presented if the petitioner had just missed the first deadline for filing an appeal. As the record stands, petitioner filed her appeal more than 6 months after the board’s decision and 13-1/2 months past the date of the filing of her complaint. Surely a petitioner who desired to pursue a right of appeal aggressively would have contacted either her attorney or the Air Force before that time. She was less than commonly diligent.
it is therefore ordered, upon consideration of the briefs, but without oral argument, that the decision of the Merit Systems Protection Board is affirmed.

 The record casts some doubt as to whether the petitioner’s attorney was still representing her at the time of the Air Force decision (December 28,1979). However, the attorney was still listed as petitioner’s counsel of record. It was not until March 5, 1980, that the af board was informed that the attorney no longer represented the petitioner. Furthermore, this same attorney represented the petitioner in some capacity on her appeal to the mspb some months after the af decision.