Robert J. SADDLER, Petitioner,

v.

DEPARTMENT OF the ARMY, Respondent.

No. 95–3353.

United States Court of Appeals, Federal Circuit.

Oct. 27, 1995.

Robert J. Saddler, Pro Se, submitted on the brief.

Lance J. Lerman, Commercial Litigation Branch, Department of Justice, Washington, DC, submitted on the brief, for respondent. With him on the brief, were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director. Of counsel was Capt. Jerry Krimble, United States Department of the Army.

Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.

LOURIE, Circuit Judge.

Robert J. Saddler petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SL0752940446–I–1, dismissing his appeal as untimely. Because Saddler filed his appeal within the regulatory time limit, we reverse and remand.

BACKGROUND

On May 27, 1988, the Army removed Saddler from his position as an Aircraft Mechanic at Scott Air Force Base in Shiloh, Illinois. In response, he filed a racial discrimination complaint with the Equal Employment Opportunity (EEO) Office for the Department of the Army. On the complaint form, Saddler listed his current home address as being in St. Louis.

Thereafter, on June 21, 1993, the Equal Employment Opportunity Compliance and Complaints Review Agency (EEOCCRA) issued a final decision, finding no discrimination on the part of the Army. Saddler was not involved in the initial investigation or the EEOCCRA proceedings because he could not be located at the home address listed on his complaint form. The EEOCCRA attempted several times to notify Saddler of its final decision. However, each letter was returned as undeliverable.

Over a year later, on July 15, 1994, Saddler telephoned the EEO Office inquiring into the

status of his discrimination complaint. During this conversation, Saddler admitted that he had moved more than once since he filed his initial complaint and that he did not inform the agency of his new addresses. Following Saddler's inquiry, the EEO Office immediately mailed a copy of the final agency decision to Saddler at his new address. He received the decision on July 22, 1994, and appealed to the board on August 9, 1994, within twenty days of his receipt of the copy of the agency's final decision.

In an initial decision, an administrative judge (AJ) dismissed the appeal as untimely filed. Although the AJ noted that Saddler filed the appeal within the regulatory time limit of twenty days from his receipt of the decision, *see* 5 C.F.R. § 1201.154(b)(1), the AJ held that the appeal was untimely "because of [Saddler's] undisputed negligence in failing to advise the agency of his several changes of address after he was removed and while his EEO complaint was being processed." Had Saddler not been negligent, the AJ found that Saddler "undoubtedly would have received the [final agency decision] in late June 1993." Because Saddler had not shown good cause for the delay in filing, which was, in the AJ's view, more than twelve months, the AJ dismissed the appeal as untimely filed. *See* 5 C.F.R. § 1201.22(c) (1994) ("If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown."). The initial decision became final when the board denied Saddler's petition for review on February 21, 1995.

## DISCUSSION

Our review of board decisions is limited by statute. We may set aside a board's decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).

On appeal, Saddler argues that his appeal was timely filed. In response, the government does not dispute that Saddler filed his appeal within the regulatory time period after his receipt of the final agency decision on July 22, 1994. Instead, the government argues that, by virtue of the agency's efforts to contact Saddler at his last address of record, Saddler had "constructive notice" of the agency decision as of June 26, 1993, five days after the agency mailed the decision to that address. According to the government, because Saddler had constructive notice as of this date, his appeal, filed in July 1994, was over twelve months late.

We agree with Saddler. Saddler met the requirements of the regulation by filing his appeal within twenty days after he received the final decision. That being the case, there was no basis for the AJ to consider whether there was good cause for any delay. The language of 5 C.F.R. § 1201.154(b) is as follows:

(b) If the appellant has filed a timely formal complaint of discrimination with the agency:

(1) An appeal [to the board] must be filed within 20 days after the appellant *receives* the agency resolution or final decision on the discrimination issue; or

(2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days [emphasis added].

5 C.F.R. § 1201.154(b) (1994).[1] This language is very clear. An employee must file an appeal to the board within twenty days of *receipt* of the agency's decision. Saddler met that date and the board must abide by its own regulation. *See Voge v. United States,* 844 F.2d 776, 779 (Fed.Cir.) ("It has long been established that government officials must follow their own regulations, even if they were not compelled to have them at all...."), *cert. denied,* 488 U.S. 941, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988). That regulation is binding until such time as the board substitutes a new rule in its place.

---

1. On June 17, 1994, the board amended this regulation to allow a party to appeal within thirty

days from receipt of a final agency decision. 59 Fed.Reg. 31,109 (1994).

Moreover, the government's argument that Saddler received constructive notice of the agency's final decision in June 1993 is not persuasive. We agree that an appellant may be considered to have had constructive notice of a decision under appropriate circumstances. For example, in *Gragg v. United States,* 717 F.2d 1343 (Fed.Cir.1983), we held that service of the board's final decision upon petitioner's designated union representative was sufficient to provide notice to the petitioner and start the running of the thirty-day time limit for filing an appeal specified in 5 U.S.C. § 7703(b)(1).[2] The board has also found constructive notice of an agency order when a relative received the order at the address left by the employee for correspondence. *See Anderson v. Department of Transp., FAA,* 735 F.2d 537, 541 (Fed.Cir.) (finding that employee constructively received notice of proposed removal that was sent to the mailing address provided by the employee and received by his mother), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984); *see also Cunningham v. Department of Transp.,* 35 M.S.P.R. 674 (1987) (petitioner's failure to receive show-cause order due to mother's delay in forwarding correspondence received at last address of record did not excuse untimely filing).

Unlike the petitioners in *Gragg, Anderson,* and *Cunningham,* however, no representative or relative of Saddler received the final agency decision. The letters containing the final agency decision in this case were simply returned as undeliverable. Although it is true that the decision was not received because of Saddler's own negligence, we do not believe there is any basis upon which he can be held to have constructively received it. *See Kumferman v. Department of Navy,* 785 F.2d 286, 288–89 (Fed.Cir.1986) (proof of mailing of notice by government insufficient to meet statutory requirement of receipt of notice). As long as he did not intentionally avoid receiving the decision, of which there is no evidence in the record, no receipt occurred with which Saddler can reasonably be charged. Common sense would seem to obligate an employee to inform the agency of his current address, especially if he is serious about his discrimination claims. Nonetheless, we do not believe that the board can dismiss an appeal as untimely when it has been filed in compliance with the literal requirements of the regulation. *But see Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1242 (11th Cir.1982) (holding that, with respect to notice in Title VII cases, "[p]laintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute"). The regulation contains no requirement other than that tied to the employee's receipt of the agency decision. Negligence is not at issue, there being no due diligence obligation in the regulation. Accordingly, we conclude that the board erred in determining that Saddler received constructive notice of the agency's discrimination determination in June 1993.

On appeal, the government relies heavily on a decision from our predecessor court, *Coates v. Department of Air Force,* 230 Ct. Cl. 935, 1982 WL 25281 (1982). The government asserts that the court in *Coates* held that an employee is charged with constructive notice of an agency decision on the date the decision is received at the correspondence address given by the employee to the agency, even if it is returned as undeliverable. We do not agree that that is the meaning of *Coates.*

The court in *Coates* dealt with the regulation involved in this case, 5 C.F.R. § 1201.154, but before a modification in 1987. *See* 51 Fed.Reg. 25,146 (1986). Prior to 1987, 5 C.F.R. § 1201.154 provided:

(a) Where the appellant has filed a timely formal complaint of discrimination with the agency:

(1) A petition must be filed within 20 days after receipt of the agency resolution or final decision on the discrimination issue; or

---

**2.** 5 U.S.C. § 7703(b)(1) provides in pertinent part:

Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

**1360**

(2) When the agency has not resolved the matter or issued a final decision on the formal complaint within a 120–day period, the *appellant shall nonetheless file an appeal to the Board within a year after the filing of the formal complaint with the agency* [emphasis added].

5 C.F.R. § 1201.154 (1986). Thus, before 1987, an appeal to the board involving an issue of discrimination had to have been filed within twenty days of receipt of the agency decision or, in the absence of a decision within 120 days, *within one year of the filing* of the formal discrimination complaint with the agency.[3]

Coates filed a discrimination complaint on April 20, 1979. The agency denied the claim on December 28, 1979, and sent notice of the decision to Coates's counsel on January 4, 1980. Attempts to send the decision to Coates directly were unsuccessful. Coates finally obtained a copy of the decision from her attorney on May 27, 1980, and she filed an appeal to the board on June 6, 1980, over one year after her initial discrimination complaint was filed. The court did not hold that Coates was charged with constructive notice of the agency's decision when it was mailed to the last address of record. Rather, the court held that the board did not abuse its discretion when it dismissed Coates's appeal because she had not diligently pursued her appeal until six months after the agency's decision and over one month after the one-year regulatory timing deadline from the filing of her initial discrimination complaint. *Coates,* 230 Ct.Cl. at 937. The regulation at that time contained a requirement indepen-

dent of and separate from the need to appeal within twenty days of receipt of the agency decision, and Coates failed to meet that requirement. Saddler, in contrast, under the then-current regulation, only had to appeal within twenty days of the receipt of the decision and he did. He had no duty to file within a particular time period if he did not receive the agency's decision. Coates's attorney also received a copy of the decision, another fact that distinguishes that case and might have justified a finding of constructive receipt. Thus, *Coates* is not authority in support of the board's decision.

We conclude that Saddler did not have constructive notice of the agency decision as of June 26, 1993. Saddler received the agency decision on July 22, 1994, and properly filed his appeal within the regulatory time limit. The board's decision to dismiss his appeal as untimely is arbitrary and capricious because it is contrary to the board's own regulations. Thus, the decision is reversed and remanded.

### COSTS

No costs.

*REVERSED AND REMANDED*

---

**3.** The agency removed this added requirement from the regulation because it was not required by statute. 51 Fed.Reg. 25, 147; *see also John-* *son v. Department of Justice,* 30 M.S.P.R. 141 (1986).