79 F.3d 1165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Henry J. SLONSKY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3398.
 United States Court of Appeals, Federal Circuit.
 March 1, 1996.
 
 Before BRYSON, Circuit Judge, COWEN and NIES,* Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 This case was suspended pending this court's decision on the issue of timeliness of an appeal in Hamilton v. Merit Systems Protection Board, Appeal No. 94-3195, which issued January 26, 1996. The suspension is accordingly terminated, and this case is now remanded.
 
 DISCUSSION
 
 2
 Mr. Slonsky timely replied to the AJ's acknowledgement order but did not address the issue of the timeliness of his appeal. We note that Chairman Erdreich dissented in this case to its dismissal on the ground of untimely filing because the lengthy acknowledgement order was confusing. This court recently addressed a similar issue in Hamilton v. Merit Systems Protection Board, 1996 WL 30584, * 6-8 (Fed.Cir. Jan. 26, 1996), and directed that a specific and informative notice of untimeliness is required prior to dismissal. We agree with Chairman Erdreich in this case, vacate the decision of the Board dismissing Mr. Slonsky's appeal, and remand for reconsideration of the issue of timeliness or the merits.
 
 
 3
 We are concerned about the effort which must be devoted to the timeliness of this appeal rather than to the merits. From the standpoint of the Board, enforcing the timeliness regulation at this stage of this case will not decrease its workload, expedite proceedings or control its docket. If this appeal were covered by the same timeliness provision (5 C.F.R. § 1201.154) as in Hamilton and in Saddler v. Department of the Army, 68 F.3d 1357 (Fed.Cir.1995), we would direct consideration of the merits unless the government has evidence that Mr. Slonsky received OPM's decision earlier. However, under 5 C.F.R. § 1201.22 (1994), a decision of OPM must be appealed within 20 days of its effective date or 25 days of the date of issuance if the decision does not set an effective date.[1] Why the rules are different is not apparent to us. In any event, apparently without fault Mr. Slonsky did not receive the decision until a month after the time for appeal had expired.
 
 
 4
 The Board's continued invoking of its timeliness regulation under the unusual circumstances of this case appears to be not only unnecessarily technical but also a waste of its own resources. If the Board chooses to do so, the court requires the Board to justify its regulation that requires an employee to appeal a decision before he may even have received it. At a minimum, that portion of the delay, plus a reasonable time to prepare the appeal, appears excusable.
 
 
 
 *
 Judge Nies assumed senior status on November 1, 1995
 
 
 [1]
 Under the current section 1201.22, the time limits for filing an appeal have been extended by ten days