NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3250

VICTOR M. MATEO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

———————————

DECIDED: February 10, 2006

———————————

Before LOURIE, GAJARSA, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Victor M. Mateo petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal of his removal as untimely filed. <u>Mateo v. U.S. Postal Service</u>, No. AT-0752-04-0527-I-1 (M.S.P.B. July 6, 2004). Because substantial evidence supports the Board's conclusion that the appeal was untimely, we <u>affirm</u>.

## BACKGROUND

The United States Postal Service (the "Agency") removed Mateo from his position of Custodian, effective July 29, 2003, for allegedly making misrepresentations on employment forms submitted to the Agency. On August 5, 2003, Mateo filed an Equal Employment Opportunity ("EEO") complaint

concerning his removal from the Agency. On August 21, 2003, he appealed his removal to the Board. Because Mateo had previously filed an EEO complaint to the Agency, and 120 days had not elapsed since the filing of the complaint, his appeal to the Board was dismissed without prejudice on December 1, 2003.

On December 10, 2003, the Agency issued a decision, finding that Mateo had not been discriminated against on the basis of his race or age when he was removed. The decision stated that Mateo could appeal the removal action within 30 calendar days from his receipt of the decision. Mateo then refiled his appeal on April 15, 2004, 127 days after the Agency issued its decision. The Agency filed a motion to dismiss the appeal as untimely because it was not filed within 30 days of December 15, 2003, the presumed date of receipt of the Agency's decision. Mateo submitted an affidavit stating that he had never received the Agency's decision in the mail, and that he first became aware of the decision when his attorney contacted him on April 15, 2004. In a sworn statement, the regional EEO Compliance and Appeals Manager testified that records maintained in her office showed that the Agency's decision was sent to Mateo at his current address by first class mail on December 10, 2003, and that it was not returned to her office.

The Administrative Judge ("AJ") found that Mateo's denial that he did not receive the Agency's decision in the mail was not credible. The AJ noted that there was no evidence that other documents mailed to Mateo at his home address were not received by him, and that Mateo's spouse had previously signed for certified mail at that address. The AJ further observed that Mateo did

not offer any explanation as to why a document mailed to his address would not have been received. The AJ therefore concluded that Mateo failed to overcome the presumption that a letter is received within five days of mailing. Finding no good cause for Mateo's delay in filing of almost 100 days, the AJ dismissed the appeal as untimely filed.

The Board denied Mateo's petition for review, and the AJ's decision became the Board's final decision. See 5 C.F.R. § 1201.113(b). Mateo timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Before the Board, Mateo had the burden of establishing that his delay in filing the appeal was excusable. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). When determining whether an appellant has shown good cause for an untimely filing, the Board may consider several factors such as the length of the delay, whether there was notification of the time limit, the reasonableness of the excuse for the delay, and the circumstances surrounding the delay. Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994).

Whether the time limit for a filing deadline should be waived based upon a showing of good cause is a matter within the Board's discretion, and "this court will not substitute its own judgment for that of the Board." Mendoza, 966 F.2d at 653.

On appeal, Mateo contends that he did not actually receive the decision until April 15, 2004, and that that should be the date from which the 30-day filing period starts. Mateo relies on Saddler v. Department of the Army, 68 F.3d 1357 (Fed. Cir. 1995), Hamilton v. Merit Systems Protection Board, 79 F.3d 639 (Fed. Cir. 1996), and Kumferman v. Department of Navy, 785 F.2d 286 (Fed. Cir. 1986), to support his petition that the Board acted arbitrarily and capriciously in dismissing his complaint as untimely. Mateo argues that the only evidence that he received notice of the decision was when his attorney informed him of the decision on April 15, 2004, and that the Board should have deemed that to be the date when he received the decision. According to Mateo, he should not have been presumed to have received the decision five days after the mailing when no one can show that he actually received the decision. Finally, Mateo contends that he has shown good cause because the delay was not due to his negligence, but rather due to circumstances beyond his control, such as the delayed receipt of the decision and the failure of counsel to timely notify him of the decision.

The government responds that the Board did not err in dismissing the appeal as untimely because Mateo failed to rebut the presumption that properly stamped and addressed mail is received by the addressee in five days. The sworn statement of an agency official established that presumption and Mateo's

sworn statement alone that he did not receive the decision was insufficient to rebut that presumption. According to the government, there is no evidence that Mateo inquired about the status of his case during the three months after he was told by the Agency that its decision would issue. The government also contends that Saddler and Hamilton are distinguishable from this case because they involved agency decisions that were mailed to the wrong address and returned. Finally, the government asserts that Mateo has not shown good cause to excuse his delay in filing.

We conclude that there was substantial evidence to support the Board's decision to dismiss the appeal as untimely. Pursuant to 5 C.F.R. § 1201.154(b)(1), once an appellant has filed a discrimination complaint at an agency, "an appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue." We have previously determined that an addressee is presumed to have received properly addressed and stamped mail in due course. Smith v. U.S. Postal Service, 789 F.2d 1540, 1542 n.2 (Fed. Cir. 1986). The affidavit of the agency official here showed that the decision was mailed to Mateo's current address by first class mail and was not returned.

The Board also properly found that Mateo failed to rebut the presumption that he received the decision in due course. Mateo's testimony as to his denial of receipt of the decision was found to be not credible, and the agency official testified that the mailed decision was not returned. Furthermore, there was no evidence that other documents sent to Mateo's address were not received and

there was evidence that Mateo's spouse had signed for certified mail delivered at that address. The Board's decision therefore was supported by substantial evidence.

Furthermore, Saddler, Hamilton, and Kumferman are not relevant to this case. In Hamilton the appellant did not have the opportunity to present any evidence to rebut the presumption of receipt. 79 F.3d at 639. In contrast, Mateo had sufficient opportunity to present such rebuttal evidence. In Saddler and Kumferman, the mailed agency decisions were returned as undeliverable. 68 F.3d at 1357; 785 F.2d at 286. That is not the situation here because there was no evidence that the decision had been returned. Although Kumferman notes that "proof of mailing" may be insufficient by itself to prove receipt, Kumferman does not preclude a finding that, where there is proof of first class mailing to the appellant at his current address coupled with proof that that mailing was not returned, receipt may be presumed.

Finally, the Board did not err in finding that Mateo had not shown good cause for the delay. Mateo has not provided any explanation for the delay beyond his claim that he did not receive the decision. He has not thereby shown that the Board's decision was in error. Because substantial evidence supports the Board's decision that Mateo's appeal was untimely filed, we affirm.