NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERALD D. GOMEZ,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3205

---

Petition for review of the Merit Systems Protection Board in NY0752100238-I-1.

---

Decided: April 27, 2012

---

GERALD D. GOMEZ, of Martinsburg, West Virginia, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, MAYER, and DYK, *Circuit Judges.*

PER CURIAM.

## DECISION

Gerald D. Gomez petitions for review from a final order of the Merit Systems Protection Board dismissing Mr. Gomez's petition for review by the full Board as untimely. We vacate and remand.

## BACKGROUND

Mr. Gomez was removed from his position as a Program Support Assistant for the Department of Veterans Affairs on February 23, 2010, for violating a last-chance agreement. Mr. Gomez and the agency entered into the last-chance agreement on August 22, 2008, after the agency proposed to remove Mr. Gomez from his position based on six charges of misconduct. The last-chance agreement included a waiver of Mr. Gomez's right to appeal to the Board. Nonetheless, when the agency removed him, Mr. Gomez appealed to the Board, arguing that his acceptance of the last-chance agreement had been involuntary. However, he presented no evidence to support that claim.

On November 4, 2010, the administrative judge issued an initial decision based on the written record. The administrative judge dismissed Mr. Gomez's appeal because Mr. Gomez failed to show that his acceptance of the last-chance agreement was involuntary or that he had not violated the last-chance agreement. The administrative judge's order explained that the initial decision would become final on December 9, 2010, unless a petition for review was filed by that date or the Board reopened the case on its own motion. The order added that "if you

prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision."

On February 16, 2011, Mr. Gomez filed a petition for review with the Board. In his petition, he acknowledged that his petition was being filed after the initial decision had become final, but he argued that he did not receive the initial decision until February 1, 2011, because he "did not have a home address due to homelessness." He stated that on that date he had received the initial decision by fax from the office of the administrative judge, as indicated by the "top of the fax." He added that "[t]he mail sent to the old address was returned mark (undelivered), which is noted on page 4 of the fax."

The Board dismissed Mr. Gomez's petition for review as untimely. Based on prior Board precedent, *McDonagh v. General Services Administration*, 82 M.S.P.R. 679 (1999), the Board ruled that it is an appellant's responsibility to ensure the timely forwarding of his own mail. The Board found that a copy of the initial decision was mailed to Mr. Gomez's address of record and that Mr. Gomez had failed to notify the Board of any change in his address. As to his assertion that he did not have an address because he was homeless, the Board found that he had produced no evidence that he was homeless at the time the initial decision was issued or when he received it. Because Mr. Gomez had presented "no further explanation for the filing delay, and no evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits," and because the filing delay of more than two months was significant, the Board held that Mr. Gomez had failed to show that he exercised due diligence or ordinary prudence that would

justify waiving the filing deadline. The Board therefore dismissed the petition for review as untimely filed with no showing of good cause for the delay. Mr. Gomez seeks review of the Board's final order.

### DISCUSSION

Before 1997, the Board's regulations required that petitions for review be filed within 35 days of the issuance of the initial decision. In that year, the Board amended its regulations to provide that petitions for review would be deemed timely if filed within 30 days of when the petitioner received the initial decision if the initial decision was received more than five days after it was issued. *See* 62 Fed. Reg. 59,991 (codified at 5 C.F.R. § 1201.114(d)). In subsequent cases, the Board has interpreted that regulation to require the petitioner to notify the Board of changes of address and take other reasonable measures to ensure the receipt of mail from the Board. *See Bennett v. Dep't of Veterans Affairs*, 97 M.S.P.R. 1, 3 (2004); *McDonagh*, 82 M.S.P.R. at 682.

In a letter to the Board, we asked for the Board's view on an issue that had not been discussed either in the Board's opinion or in the briefs to this court. Specifically, we noted that timeliness regulations regarding appeals to the Board from an agency's decision, which are similarly worded to 5 C.F.R. § 1201.114(d), have not been interpreted to require the employee to show that he has taken reasonable measures to ensure that he will receive notice of the decision to be appealed. *See Saddler v. Dep't of the Army*, 68 F.3d 1357, 1360 (Fed. Cir. 1995) (interpreting 5 C.F.R. § 1201.154(b)(1), which addresses the timeliness of appeals to the Board alleging that a personnel action was based, in whole or in part, on prohibited discrimination); *Bradshaw v. Dep't of Veterans Affairs*, 113 M.S.P.R. 650,

655 (2010) (interpreting 5 C.F.R. § 1201.22(b), which addresses the timeliness of appeals to the Board challenging an adverse agency action).

In response to our letter, the Board requested that we vacate and remand this case to give the Board an opportunity to "consider more closely the legal issues surrounding the Board's jurisdiction, as well as the evidence that implicates the Board's jurisdiction, and issue a decision accordingly." Because the Board, in its decision under review, did not address the similarly worded regulations cited above, we agree that it is appropriate for the Board to have an opportunity to consider whether it should interpret the timeliness regulation for petitions for review in a manner consistent with the interpretation given to the regulations for review of agency action. Accordingly, we vacate the Board's order dismissing Mr. Gomez's petition for review and remand this case for further proceedings before the Board.

No costs.

**VACATED AND REMANDED**