**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2017 MSPB 5**

Docket No. AT-0752-16-0347-I-1

**Lawrence Little, Jr.,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

January 6, 2017

A. Brian Henson, Esquire, Decatur, Georgia, for the appellant.

Cynthia R. Allen, Esquire, Memphis, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we DENY the appellant's petition for review, VACATE the initial decision dismissing the appeal for lack of jurisdiction, and instead DISMISS the appeal as untimely filed without good cause shown.

BACKGROUND

¶2     The appellant is employed by the agency as an Electronic Technician. Initial Appeal File (IAF), Tab 1 at 1. On May 18, 2013, he filed a formal equal employment opportunity (EEO) complaint of discrimination alleging that the

agency discriminated against him on the bases of his race, age, and disability when management followed him and stared at him, spoke to him in a disrespectful and demeaning manner, yelled at him and threatened him, stated that he did not work like the other electronic technicians, and gave him an investigative interview about a log book. IAF, Tab 4 at 251-52, 262. On August 12, 2013, the agency amended the appellant's EEO complaint to include additional claims he raised in his affidavit, including his receipt of a May 31, 2013 notice of proposed placement on enforced leave. *Id.* at 251-54. By letter dated October 1, 2013, the agency sustained the proposal to place the appellant on enforced leave. *Id.* at 244.

¶3     On January 8, 2016, the agency issued a final agency decision (FAD) finding no merit to the appellant's discrimination claims.[1] *Id.* at 16-38. On February 13, 2016, the appellant filed a Board appeal. IAF, Tab 1. The agency moved to dismiss the appeal as untimely filed and/or for lack of jurisdiction. IAF, Tab 4 at 4-7. The agency argued that the appellant's February 13, 2016 appeal was untimely filed both as an appeal of its January 8, 2016 FAD and as a direct appeal of its October 2013 decision to sustain the proposal to place the appellant on enforced leave. *Id.* at 7. Alternatively, the agency argued that the Board lacks jurisdiction over the appeal unless it deems the October 2013 decision to sustain the proposed enforced leave to be part of the claims investigated by the agency in the appellant's EEO complaint. *Id.* at 5-6.

---

[1] The appellant initially requested a hearing before an administrative judge with the Equal Employment Opportunity Commission (EEOC) instead of a FAD. IAF, Tab 4 at 240. The EEOC administrative judge, however, deemed the enforced leave claim to be part of the appellant's EEO complaint and found that the appeal was a mixed-case appeal, which did not entitle the appellant to a hearing before the EEOC. *Id.* at 56-57. Consequently, she dismissed the appellant's hearing request and remanded the case to the agency for issuance of a FAD. *Id.*

¶4        The administrative judge issued a show cause order informing the appellant that his appeal appeared to be untimely filed by 1 day because the record reflected that he received the FAD on January 13, 2016.  IAF, Tab 6 at 4.  The administrative judge further informed the appellant that it appeared that the Board lacks jurisdiction over his appeal because he had not amended his EEO complaint to include his October 2013 placement on enforced leave.  *Id.* at 3.  Thus, the administrative judge ordered the appellant to file evidence and argument establishing the Board's jurisdiction over his appeal and that his appeal was either timely filed or good cause existed for his untimely filing.  *Id.* at 3, 5-6.

¶5        In response, the appellant argued that his appeal was timely filed because he did not actually receive the FAD until he checked his post office box on January 16, 2016.  IAF, Tab 8 at 9.  The appellant also argued that his enforced leave claim was part of his EEO complaint because the Equal Employment Opportunity Commission administrative judge determined as much.  IAF, Tab 8 at 6-9.  The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant's EEO complaint encompassed only his proposed placement on enforced leave, not the October 1, 2013 decision sustaining the enforced leave, and the Board lacks jurisdiction over a proposed adverse action.  IAF, Tab 11, Initial Decision (ID) at 5-6.  Because of his jurisdictional determination, the administrative judge did not reach the issue of the timeliness of the appeal.  ID at 6 n.4.

¶6        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has opposed the appellant's petition.  PFR File, Tab 3.

## ANALYSIS

¶7        When, as here, an appellant has filed a timely formal complaint of discrimination with the agency, a subsequent Board appeal must be filed within 30 days after the appellant receives the agency's FAD.  5 C.F.R. § 1201.154(b).  Previously, both the Board and its reviewing court held that the time period under

a prior version of this regulation began to run from the date of the appellant's actual receipt of the FAD, even in situations in which the appellant's receipt was delayed by his own negligence.  *See Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 646-47 & n.9 (Fed. Cir. 1996); *Saddler v. Department of the Army*, 68 F.3d 1357, 1358-59 (Fed. Cir. 1995); *Cody v. Department of the Navy*, 104 M.S.P.R. 161, ¶ 13 (2006).  However, the Board issued a new regulation, effective November 13, 2012, providing that an appellant may be deemed to have constructively received a FAD under certain circumstances.  77 Fed. Reg. 62,350, 62,364, 62,371 (Oct. 12, 2012) (codified at 5 C.F.R. §§ 1201.22(b)(3), 1201.154); 77 Fed. Reg. 33,663, 33,673, 33,679 (June 7, 2012).

¶8        Under the new regulation, the date the appellant receives the FAD is determined according to the standard set forth at 5 C.F.R. § 1201.22(b)(3), which states that:

> An appellant is responsible for keeping the agency informed of his or her current home address for purposes of receiving the agency's decision, and correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee.  While such a presumption may be overcome under the circumstances of a particular case, an appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service.

5 C.F.R. § 1201.22(b)(3); *see* 5 C.F.R. § 1201.154.  The rule provides several illustrative examples, including the following:  "An appellant who fails to pick up mail delivered to his or her post office box may be deemed to have received the agency decision."  5 C.F.R. § 1201.22(b)(3) (Example A).

¶9        Here, it is undisputed that the FAD was delivered to the appellant's post office box on January 13, 2016.  IAF, Tab 4 at 14, 39, Tab 8 at 9.  The appellant contends that his appeal was timely filed because he did not actually receive the FAD until he checked his mail on January 16, 2016.  IAF, Tab 8 at 9.  According to the unsworn statement of the appellant, he checks his mail twice weekly and

had checked it on January 12 and 16, 2016. *Id.* We find such arguments unavailing.[2] Under 5 C.F.R. § 1201.22(b)(3), the appellant constructively received the FAD on January 13, 2016, the date it was delivered to his post office box. Thus, under the Board's regulations, the appellant was required to file his appeal on or before February 12, 2016, 30 days after his receipt of the FAD. 5 C.F.R. § 1201.154(b)(1). Accordingly, the appellant's February 13, 2016 appeal was untimely filed by 1 day. *See* 5 C.F.R. § 1201.4(*l*) (stating that the date of filing by mail is determined by the postmark date).

¶10 If an appellant fails to timely submit his appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unfavorable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his claim. *Moorman v. Department of the Army*, 68 M.S.P.R. 60,

---

[2] The appellant was expecting the agency FAD and is presumed to understand procedural deadlines for appeals. He was, therefore, under a heightened obligation to monitor his incoming mail. *See generally Rocha v. Merit Systems Protection Board & Department of State*, 688 F.3d 1307 (Fed. Cir. 2012) (finding that, although the appellant claimed that he did not receive the administrative judge's initial decision, the record showed that the decision was sent to the email address the appellant provided to the Board when he filed his appeal; the court noted that, as a registered e-filer, the appellant consented to accept all documents issued by the Board in electronic form, and he was required by regulation to monitor his case online to insure that he received all case-related documents).

62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  Beyond his assertion that he did not receive the FAD until January 16, 2016, because he did not check his post office box every day, the appellant has not offered any other evidence or argument regarding any additional circumstances that affected his ability to timely file his appeal.  Thus, we find that he has not established good cause for his untimely filing.  Accordingly, we dismiss the appeal as untimely filed without good cause for the delay.[3]

ORDER

¶11      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

---

[3] Because we find the appeal untimely, we do not address whether the Board has jurisdiction over the appeal. *See, e.g.*, *Popham v. U.S. Postal Service*, 50 M.S.P.R. 193, 197-98 (1991) (holding that, if the record is sufficiently developed on the issue of timeliness, the Board may dismiss an appeal as untimely without making a determination as to jurisdiction).

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.